IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | : | Case No. _____ |
| c/o Kinsley Law Office | | |
| Post Office Box 19478 | : | |
| Cincinnati, OH 45219, | | |
| | : | |
| Plaintiff, | | |
| | : | **COMPLAINT FOR** |
| V. | | **DECLARATORY AND** |
| | : | **INJUNCTIVE RELIEF** |
| DAVE YOST, Ohio Attorney General, | | |
| In His Official Capacity Only, | : | |
| 30 E. Broad St., 14th Floor | | |
| Columbus, OH 43215, | : | |
| | | |
| and | : | |
| | | |
| MATTHEW FOX, | : | |
| Mercer County Prosecuting Attorney, | | |
| In His Official Capacity Only, | : | |
| 119 North Walnut Street | | |
| Celina, OH 45822, | : | |
| | | |
| Defendants. | : | |

_____

**INTRODUCTION**

1.   At issue in this lawsuit is the fundamental right to engage in political discourse, as secured by the First Amendment.  The State of Ohio has placed this right at risk by adopting two statutes – Menacing by Stalking (Ohio Rev. Code § 2903.211) and Telecommunications Harassment (Ohio Rev. Code § 2917.21) – that sweep within their scope a substantial amount of constitutionally-protected expression.  The recent prosecutions of outspoken critics of the Ohio criminal justice system under these statutes have placed individuals like Jane Doe, a Dayton resident, in reasonable fear that they too will be arrested and charged with a crime if they speak out against governmental

1

abuse. As a result, Jane Doe and people like her have been chilled in their political expression and have silenced their speech.

2. Given the broad scope of Ohio's Menacing by Stalking and Telecommunications Harassment statutes, and as set forth in this Complaint, Jane Doe seeks the protection of this Court, in the form of a declaration that the challenged statutes are unconstitutional and preliminary and permanent injunctive relief prohibiting their enforcement, so that she may engage in the full range of political expression to which the United States Constitution entitles her.

## JURISDICTION

3. Jurisdiction over Plaintiffs' claims for declaratory and injunctive relief is proper in this Court pursuant to 28 U.S.C. §§ 1331(a), 1343(3), and 1343(4).

4. This Court has supplemental and pendent jurisdiction pursuant to 28 U.S.C. § 1367 to review and decide Plaintiff's state law claims.

5. Venue is proper in this district and division pursuant to S.D. Ohio Local Rule 82.1, as the various acts which form the basis of this complaint occurred within the Dayton Division of the United States District Court for the Southern District of Ohio.

## PARTIES

6. Plaintiff Jane Doe is a resident of Dayton, Ohio. She frequently participates in political dialogue, both online and in face-to-face interactions, and actively monitors the activities of local governmental entities and officials. Doe has ceased political dialogue online, particularly on Facebook pages that are critical of government officials, out of fear that she will be arrested and prosecuted.

7. Defendant Dave Yost is the duly-elected Attorney General of the State of Ohio. He is the chief law officer of the State of Ohio with authority in civil and criminal matters. He is sued in his official capacity only.

8. Defendant Matthew Fox is the duly-elected Prosecuting Attorney for Mercer County, Ohio. He is vested with the authority to initiate and pursue prosecutions within that jurisdiction. Exercising this authority, Fox has instituted at least two high-profile prosecutions of individuals engaged in online criticism of the government under Ohio's Menacing by Stalking and Telecommunications Harassment statutes. He is sued in his official capacity only.

## STATEMENT OF FACTS

9. This case involves the fundamental right to engage in core political speech.

10. The First Amendment to the United States Constitution provides virtually unfettered protection of the right to engage in political expression. *See Meyer v. Grant*, 486 U.S. 414, 420 (1988). This is true even when the political speech being offered is critical to the government or exposes the misdeeds of government officials. *See Texas v. Johnson*, 491 U.S. 397, 414 (1989) ("If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable.").

11. Despite this right, the State of Ohio has adopted two pieces of overbroad legislation that, in the hands of rogue prosecutors, are being used to criminalize and prosecute individuals who speak out against the government in online forums.

### A. The Ohio Statutes

### 1. Ohio Rev. Code § 2903.211: Menacing by Stalking

12.     The first such statute, Menacing by Stalking (Ohio Rev. Code § 2903.211), expressly prohibits all forms of speech that knowingly cause mental distress to another person. As written, Ohio's Menacing by Stalking statute provides, in pertinent part, that:

> No person by engaging in a pattern of conduct shall knowingly … cause mental distress to the other person or a family or household member of the other person. In addition to any other basis for the other person's belief that the offender will cause … mental distress to the other person or the other person's family or household member, ***the other person's mental distress may be based on words*** or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

Ohio Rev. Code § 2903.211(A)(1) (emphasis added).[1]

13.     The Menacing by Stalking statute also contains two provisions that expressly expand the scope of the actions which constitute a violation of subsection (A)(1) to explicitly include speech and expressive conduct, as opposed to purely unexpressive conduct. First, the statute defines "pattern of conduct" as referenced in Ohio Rev. Code § 2903.211(A)(1), in part, as follows:

> ***the posting of messages, use of intentionally written or verbal graphic gestures, or receipt of information or data through the use of any form of written communication*** or an electronic method of remotely transferring information, including, but not limited to, a computer, computer network, computer program, computer system, or telecommunications device, may constitute a "pattern of conduct."

---

[1] The omitted portions of the statute relate to threats of physical harm which, if true, would fall outside the ambit of the First Amendment. *See Virginia v. Black*, 538 U.S. 343 (2003). As a result, these portions of Ohio's Menacing by Stalking statute are not under attack in this lawsuit. This Complaint relates solely to those portions of Ohio Rev. Code § 2903.211 that punish speech which causes mental distress.

Ohio Rev. Code § 2903.211(D)(1) (emphasis added). The term "posting of messages" as used in this section is further defined as "transferring, sending, posting, publishing, disseminating, or otherwise communicating, or attempting to transfer, send, post, publish, disseminate, or otherwise communicate, any message or information, whether truthful or untruthful, about an individual, and whether done under one's own name, under the name of another, or while impersonating another." *Id*. at § (D)(7). As a result, the statute on its face labels both online speech and in-person communication, even speech that is true about another person, as conduct subject to being criminalized.

14. Second, in addition to the broad coverage of subsection (A)(1), the Menacing by Stalking statute also contains a direct prohibition of online communication that causes another person mental distress. More specifically, subsection (A)(2) of the statute provides that:

> No person, ***through the use of any form of written communication or any electronic method of remotely transferring information***, including, but not limited to, any computer, computer network, computer program, computer system, or telecommunication device shall post a message or use any intentionally written or verbal graphic gesture with purpose to do either of the following:
>
> (a)  Violate division (A)(1) of this section;
>
> (b)  Urge or incite another to commit a violation of division (A)(1) of this section.

Ohio Rev. Code § 2903.211(A)(2). This subsection further clarifies that speech communicated either online or in writing can form the basis of a prosecution for Menacing by Stalking.

15. Neither Ohio Rev. Code § 2903.211(A)(1) nor (A)(2) require that the communication be sent directly to the person suffering mental distress. To the contrary, the definition of "posting a message" incorporates social media posts disseminated to a person's individualized network and other online communication that is generically disseminated to the public, such as through a blog or

vlog. In fact, based on the language of the statute, a person could be prosecuted for a social media post that causes another person distress, even if the person making the post took all reasonable steps – such as limiting the post to the person's private Facebook or Twitter feed – to ensure the other person could not see it.

16. Therefore, on its face, Ohio Rev. Code § 2903.211 covers a wide range of constitutionally-protected expression that cannot lawfully be subjected to prosecution. For example, all of the following communication would violate the terms of the statute, although unquestionably protected by the First Amendment:

- A doctor who provides information to a patient on a terminal or difficult diagnosis, where the doctor knows that the patient will experience distress and anguish as a result of that information;

- A news reporter who broadcasts a story on a natural disaster, tragic accident, or war, knowing that members of the community will feel distress over the content of the story;

- A teenager who breaks up with her boyfriend by text, knowing that he will be hurt by her decision;

- A picketer who displays an aborted fetus on an anti-abortion poster outside an abortion clinic, knowing that the sight of an aborted baby will cause distress to mothers and to those who oppose abortion;

- A police officer who informs a family member of the death of a loved one in a traffic accident, with the expectation that the family member will experience distress and pain as a result;

- A teacher who posts grades online with the awareness that some students who underperformed will suffer from an extreme sense of failure and depression when they receive poor marks;

- A political activist who exposes governmental corruption with the knowledge that the involved government officials will feel distressed over their loss of power; and

- A filmmaker who addresses emotionally difficult topics such as suicide, knowing that audience members who lost loved ones to suicide will be distressed by the content.

17. Initial violations of Ohio Rev. Code § 2903.211 are misdemeanors of the first degree and carry up to six months in jail. A second violation after a prior conviction is a fourth-degree felony, which carries up to 18 months in prison. As such, an individual who guesses incorrectly about the legality of her online speech can face prosecution for Menacing by Stalking and significant periods of incarceration if convicted.

### 2. Ohio Rev. Code § 2917.21: Telecommunications Harassment

18. The State of Ohio also criminalizes telecommunications harassment, which it defines, in part, as "mak[ing] or caus[ing] to be made a telecommunication, or permit[ting] a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse … or harass another person." Ohio Rev. Code § 2917.21(B)(1).[2]

---

[2] The omitted portions of Ohio Rev. Code § 2917.21 relate to telecommunications made with the purpose of threatening another person. These threats, if deemed true, would fall outside the ambit of the First Amendment. *See Virginia v. Black*, 538 U.S. 343 (2003). As a result, these portions of Ohio's Telecommunications Harassment statute are not under attack in this lawsuit. This Complaint relates solely to those portions of Ohio Rev. Code § 2917.21(B)(1) that punish speech which is communicated with the ostensible purpose to "abuse" or "harass."

19. The statute does not define what is meant by the terms "abuse" or "harass" in the Telecommunications Harassment law. However, Ohio courts have interpreted the term "abuse" to mean "mistreat" and the term "harass" to mean "to annoy or torment repeatedly and persistently." *See, e.g., State v. Dennis*, No. 1-97-42, 1997 WL 691448, at *2 (Ohio 3d Dist. App. Oct. 30, 1997) (interpreting "purpose of being abusive, threatening, annoying, or harassing" as meaning "purpose to mistreat another person, to express a threat to another person, to irritate another, or to persistently torment"); *State v. Dart*, No. 23955, 2010 WL 4703406, at *4 (Ohio 2d Dist. App. Nov. 19, 2010) (citing Webster's New Revised University Dictionary (1994)) ("Harass means to annoy or torment repeatedly and persistently.").

20. The Telecommunications Harassment statute does not require that the allegedly harassing communications be directed specifically at the person who is harassed by them. Rather, the law criminalizes online speech when it is offered with the intent to be annoying, even if the speech is posted on a generalized website not likely to be seen by the target of the expression. *See* Ohio Rev. Code § 2917.21(B)(2) ("No person shall knowingly post a text or audio statement or an image on an internet web site or web page for the purpose of abusing, threatening, or harassing another person.").

21. As a result, the Telecommunications Harassment statute, read literally, punishes online communication that is critical of the government or public figures or that other people may find annoying or irritating. But this is the exact type of expression the First Amendment exists to protect. *See Texas v. Johnson*, 491 U.S. at 414.

22. Violations of Ohio Rev. Code § 2917.21(B)(1) and (B)(2) are misdemeanors of the first degree punishable by up to six months in jail. Subsequent violations following an initial conviction are fifth-degree felonies punishable by up to 12 months in prison. As such, an individual

who guesses incorrectly about the legality of her online speech can face prosecution for Telecommunications Harassment and significant periods of incarceration if convicted.

### 3. The Fox Prosecutions

23. Both the Menacing by Stalking and Telecommunications Harassment statutes have been recently employed by Mercer County Prosecutor Matthew Fox to prosecute individuals who speak out on matters of public concern online.

24. In one such case – *State of Ohio v. Jeff Resawehr*, filed in the Celina Municipal Court - Prosecutor Fox charged a Michigan resident with, among other charges, five counts of Menacing by Stalking and eight counts of Telecommunications Harassment based on emails and blog posts in which he criticized the Mercer County Sheriff's Office for failing to adequately investigate a potential homicide.[3]

25. In yet another case – *State of Ohio v. Charles Summers*, Mercer Com. Pl. No. 19CRM107 - Prosecutor Fox charged the father of a defendant sentenced to more than 20 years in prison with 30 counts of Telecommunications Harassment, 30 counts of Attempted Telecommunications Harassment, one count of Menacing by Stalking, and one count of Attempted Menacing by Stalking, collectively carrying up to 279 months in jail. These charges were entirely based on the father's alleged operation of a Facebook page, entitled "Justice for Chris," on which he criticized the fairness of his son's trial and attacked the veracity of the victim's public trial testimony. None of the "Justice for Chris" Facebook posts were directed to the victim's or any public official's social media accounts, and the only way to view the posts was to either like the

---

[3] A companion case involving a civil protection order issued against Rasawehr is presently pending in the Ohio Supreme Court on First Amendment grounds. *See Bey v. Rasawehr*, Ohio Sup. Ct. No. 2019-0295. The case is scheduled for oral argument on February 11, 2020.

page, so that the content would appear in the liker's news feed, or to search and view the Facebook page voluntarily.

26. Prosecutor Fox also charged Charles Summers' wife, Vicki, with the same 62 offenses based on her alleged involvement with the content of the "Justice for Chris" Facebook page.

27. Neither Jeff Rasawehr, nor Charles and Vicki Summers are residents of Mercer County, yet they were still charged by Prosecutor Fox in Mercer County based on their web-based criticisms of Fox and other government officials.

28. Both the Rasawehr case and the Summers case have been the subject of widespread media coverage in Mercer County and the surrounding counties and cities.

### 4. Doe Reasonably Fears Prosecution

29. Plaintiff Jane Doe considers herself an informed citizen who desires to actively participate in democratic discourse. She keeps up to date with current events in her hometown of Dayton and nearby communities.

30. Doe is familiar with the Rasawehr and Summers cases from the news media coverage of them. Doe was also aware of the criticisms offered by Rasawehr and the Summers' prior to their arrests, because she had seen and commented on various social media and blog posts that were critical of Fox and other Mercer County officials. In those comments, Doe offered criticisms of Mercer County governmental officials, their actions, and decisions.

31. Doe reasonably fears prosecution under Ohio's Menacing by Stalking and Telecommunications Harassment statutes, particularly in Mercer County.

32. Following the indictment of Charles Summers, Doe felt so afraid of being charged herself that she ceased posting critical comments about local government online. She stopped commenting on the "Justice for Chris" Facebook page and other social media outlets. The sole

reason Doe silenced herself was out of fear that Prosecutor Fox and others would criminally charge her simply for engaging in democratic debate.

33. Doe lacks the financial resources to be able to mount a vigorous defense in the event that Prosecutor Fox or any other rogue prosecutor pressed criminal charges against her for her online commentary.

34. Doe desires to continue exercising her First Amendment rights to speak out about matters of local governmental concern, but is afraid to do so without the protection and intervention of the Court.

## CAUSES OF ACTION

### Claim One:
### Violation of First Amendment Rights

35. Plaintiff realleges each of the foregoing paragraphs as if fully rewritten here.

36. The portions of Ohio's Menacing by Stalking statute that criminalize speech causing mental distress to another person, more specifically Ohio Rev. Code §§ 2903.211(A)(1), (A)(2), (D)(1), and (D)(7), are unconstitutional on their face in violation of the First Amendment for the following reasons:

    A. The challenged provisions of the Menacing by Stalking statute are overbroad and sweep within their scope a substantial amount of constitutionally-protected expression;

    B. The challenged provisions of the Menacing by Stalking statute are vague and fail to provide adequate notice to speakers of precisely what speech is prohibited;

    C.      The challenged provisions of the Menacing by Stalking statute vest prosecutors like Prosecutor Fox with the unbridled discretion to charge online expression, creating a chilling effect on the protected right of political free speech; and

    D.      The challenged provisions of the Menacing by Stalking statute are not justified by a compelling government interest and are not the least restrictive means of achieving a compelling government interest.

37.      The portions of Ohio's Telecommunications Harassment statute that criminalize speech that is merely annoying or irritating to another person, more specifically Ohio Rev. Code § 2917.21(A(1), (A)(6), (A)(10), (B)(1), and (B)(2), are unconstitutional on their face in violation of the First Amendment for the following reasons:

    A.      The challenged provisions of the Telecommunications Harassment statute are overbroad and sweep within their scope a substantial amount of constitutionally-protected expression;

    B.      The challenged provisions of the Telecommunications Harassment statute are vague and fail to provide adequate notice to speakers of precisely what speech is prohibited;

    C.      The challenged provisions of the Telecommunications Harassment statute vest prosecutors like Prosecutor Fox with the unbridled discretion to charge online expression, creating a chilling effect on the protected right of political free speech; and

    D.      The challenged provisions of the Telecommunications Harassment statute are not justified by a compelling government interest and are not the least restrictive means of achieving a compelling government interest.

38. Given the similarity between her speech and the expression subject to prosecution in the Rasawehr and Summers cases, Doe reasonably fears prosecution under the Menacing by Stalking and Telecommunications Harassment statutes and has ceased online political commentary directly because of this fear.

39. Doe is therefore entitled to a declaration that the challenged portions of Ohio's Menacing by Stalking and Telecommunications Harassment statutes are unconstitutional in violation of the First and Fourteenth Amendments and preliminary and permanent injunctive relief enjoining their enforcement by Defendants.

### Claim Two: Violation of the Ohio Constitution

40. Plaintiff realleges each of the foregoing paragraphs as if fully rewritten here.

41. Plaintiff pleads each of the foregoing violations of the federal constitutional rights under the analogous provisions of the Ohio Constitution and seeks identical remedies on this basis.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe respectfully prays that this Court:

1. Permit Plaintiff to proceed in this action in pseudonym in order to protect her privacy and anonymity and to prevent any potential governmental retaliation in the form of criminal charges;

2. Enter a final judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 54, 57, and 58 of the Federal Rules of Civil Procedure that Ohio Rev. Code §§ 2903.211(A)(1), (A)(2), (D)(1), and (D)(7) and Ohio Rev. Code § 2917.21(A(1), (A)(6), (A)(10), (B)(1), and (B)(2) are unconstitutional in violation of the First Amendment;

3.  Preliminarily and permanently enjoin the enforcement of Ohio Rev. Code §§ 2903.211(A)(1), (A)(2), (D)(1), and (D)(7) and Ohio Rev. Code § 2917.21(A(1), (A)(6), (A)(10), (B)(1), and (B)(2);

4.  Award Plaintiffs' reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988; and

5.  Grant such other relief to Plaintiff as the Court deems to be just, proper, and equitable.

Respectfully submitted,

/s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY (Ohio Bar No. 0071629)
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com

/s/ Matt Miller-Novak
Matthew Miller-Novak (Ohio Bar No. 0091402)
GODBEY & ASSOCIATES
708 Walnut Street, Suite 600
Cincinnati, Ohio 45202
P: 513-241-6650
F: 5153-241-6649
E: Matt@godbeylaw.com

Counsel for Plaintiff Jane Doe