**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO,**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE, et al.,** | : | |
| | : | |
| *Plaintiff,* | : | Case No. 3:20-CV-00010 |
| | : | |
| v. | : | Judge Walter Rice |
| | : | |
| **DAVE YOST, et al.,** | : | |
| | : | |
| *Defendants.* | : | |

---

**MOTION FOR JUDGMENT ON THE PLEADINGS BY**
**DEFENDANT OHIO ATTORNEY GENERAL DAVE YOST**

---

Ohio Attorney General Dave Yost hereby moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Plaintiff lacks standing and has failed to state a claim for which relief can be granted. The Defendant is therefore entitled to judgment as a matter of law, and the Complaint must be dismissed. The reasons supporting this motion are set forth in the attached memorandum.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
*Counsel of Record*
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendants*

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

Jane Doe, a resident of Dayton, Ohio, brings this facial First Amendment challenge against portions of two criminal statutes, Menacing by Stalking (Ohio Rev. Code § 2903.211(A)(1) & (A)(2)(a)&(b), (D)(1)& (7)) and Telecommunications Harassment (Ohio Rev. Code § 2917.21(A)(1), (6), & (1), (B)(1) & (2)) (collectively "Challenged Statutes").  She claims that the relevant portions of the Challenged Statutes are both overbroad and vague and she requests a declaratory judgment enjoining their enforcement.  Doe claims that these statutes criminalize First Amendment protected speech, and so, she has stopped engaging in political dialogue herself in fear of being prosecuted by the Mercer County Prosecutor.

Doe's complaint is fatally flawed for several reasons.  First, Doe lacks standing to bring this action.  This is a pre-enforcement challenge so Doe has suffered no actual injury.  But, she also has failed to allege a credible, sufficiently imminent threat of prosecution.  Indeed, Doe simply fears that she will be prosecuted because she has read news articles about other individuals that the Mercer County Prosecutor has prosecuted for Menacing by Stalking and Telecommunication Harassment.  Doe's self-imposed chill of her own political dialogue alone cannot confer standing here.

Next, Doe fails to sufficiently allege that the Challenged Statutes are substantially overbroad or void for vagueness.  She alleges no facts showing that the Challenged Statutes, which are specific intent statutes, actually proscribe political speech.  It is well settled Ohio law that both Statutes criminalize conduct that is intended to cause mental distress, not speech.  Additionally, Doe fails to allege sufficient facts to establish that the Challenged Statutes are so overbroad or vague that they have a chilling effect on protected speech.  Finally, Doe's state law claims fail as she possesses no private right of action under the Ohio Constitution.  For all of

these reasons, and for the reasons set forth below, the Attorney General is entitled to judgment on the pleadings.

## II.    FACTS

Doe does not claim to have been arrested, charged or convicted of Menacing by Stalking or Telecommunications Harassment.  Nor does she claim to have been threatened with prosecution or investigated for criminal conduct under these statutes either.  Instead, Doe *fears* that she will be targeted by the Mercer County Prosecutor because she "frequently participates in political dialogue, both online and in face-to-face interactions, and actively monitors the activities of local governmental entities and officials." Compl., Doc. 1, PageID # 2, ¶ 6.  Doe claims that she has "ceased political dialogue online, particularly on Facebook pages that are critical of government officials, out of fear that she will be arrested and prosecuted." *Id.*  She therefore claims that the Challenged Statutes, and the Mercer County Prosecutor's prosecutions under these statutes have a chilling effect on her and others' political speech. *Id.* at Page ID # 10-11.

Doe fears that the Mercer County Prosecutor will charge her with Menacing by Stalking and Telecommunications Harassment because she reads news stories about the prosecutions of other individuals for Menacing by Stalking and Telecommunications Harassment for what she claims is speech critical of Mercer County officials. *Id.* at PageID # 9-10.  In one case, *State v. Jeff Rasawehr*, Doe believes that the Mercer County Prosecutor filed misdemeanor charges of Menacing by Stalking and Telecommunications Harassment against a man "based on emails and blog posts in which he criticized the Mercer County Sheriff's Office for failing to adequately investigate a potential homicide."  *Id.* at PageID # 9, ¶ 24.  In a second case, *State v. Charles Summers*, Doe believes that an individual was charged with multiple counts of Menacing by Stalking and Telecommunications Harassment for operating "a Facebook page, entitled 'Justice for Chris,' on which he criticized the fairness of his son's trial and attacked the veracity of the

2

victim's public trial testimony." *Id.* at PageID # 9, ¶ 25. Finally, Doe believes that the Mercer County Prosecutor also charged Mr. Summers' wife with Menacing by Stalking and Telecommunications Harassment for her involvement in the "Justice for Chris" webpage. *Id.* at PageID # 10, ¶ 26.

Doe challenges only the portions of the Menacing by Stalking and Telecommunications Harassment statutes that criminalize conduct that causes mental distress, not the portions that involve  threats of physical harm.  Based on Doe's claim, the relevant portions of the Menacing by Stalking statute are as follows:

> (A) (1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person. In addition to any other basis for the other person's belief that the offender will cause physical harm to the other person or the other person's family or household member or mental distress to the other person or the other person's family or household member, the other person's belief or mental distress may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

> (2) No person, through the use of any form of written communication or any electronic method of remotely transferring information, including, but not limited to, any computer, computer network, computer program, computer system, or telecommunication device shall post a message or use any intentionally written or verbal graphic gesture with purpose to do either of the following:

> (a)  Violate division (A)(1) of this section;

> (b) Urge or incite another to commit a violation of division (A)(1) of this section.

*   *   *

> (D) As used in this section:

> (1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents, or two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents, directed at one or more persons employed by or belonging to the same corporation, association, or other organization. Actions or incidents that prevent, obstruct, or

3

delay the performance by a public official, firefighter, rescuer, emergency medical services person, or emergency facility person of any authorized act within the public official's, firefighter's, rescuer's, emergency medical services person's, or emergency facility person's official capacity, or the posting of messages, use of intentionally written or verbal graphic gestures, or receipt of information or data through the use of any form of written communication or an electronic method of remotely transferring information, including, but not limited to, a computer, computer network, computer program, computer system, or telecommunications device, may constitute a "pattern of conduct."

\* \* \*

(7) "Post a message" means transferring, sending, posting, publishing, disseminating, or otherwise communicating, or attempting to transfer, send, post, publish, disseminate, or otherwise communicate, any message or information, whether truthful or untruthful, about an individual, and whether done under one's own name, under the name of another, or while impersonating another.

Ohio Rev. Code § 2903.211 (emphasis added). *See* Compl., Doc. 1, PageID # 11, ¶ 36.

Doe challenges the following portions of the Telecommunications Harassment statute:

(A) No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following:

(1) Makes the telecommunication with purpose to harass, intimidate, or abuse any person at the premises to which the telecommunication is made, whether or not actual communication takes place between the caller and a recipient;

\* \* \*

(6) Knowingly makes any comment, request, suggestion, or proposal to the recipient of the telecommunication that is threatening, intimidating, menacing, coercive, or obscene with the intent to abuse, threaten, or harass the recipient;

\* \* \*

(10) Knowingly incites another person through a telecommunication or other means to harass or participate in the harassment of a person;

\* \* \*

(B) (1) No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person.

4

(2) No person shall knowingly post a text or audio statement or an image on an internet web site or web page for the purpose of abusing, threatening, or harassing another person.

Ohio Rev. Code § 2917.21. *See* Compl., Doc. 1, PageID #12, ¶ 37.

## III.    LAW AND ARGUMENT

### A.    Standard of Review

The Attorney General is entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c) because the Plaintiff lacks standing and because her constitutional claims of overbreadth and vagueness fail as a matter of law.  A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  *See Mellentine v. Ameriquest Mortg. Co.*, 515 Fed. Appx. 419, 423 (6th Cir. 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)).  *See also Combs v. Toledo Pub. Sch.*, No. 3:06 CV 2070, 2007 U.S. Dist. LEXIS 74752, at *11-12 (S.D. Ohio Aug. 13, 2007) (citing *OPW Fueling Components v. Works*, No. 1:06cv187 2007 U.S. Dist. LEXIS 34083, 2007 WL 1406956, at *4 (S.D.Ohio May 9, 2007) (additional citations omitted).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).  In evaluating a motion to dismiss under Rule 12(b)(1) and (6), the Court "must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs[.]" *Alshaibani v. Litton Loan Servicing, LP*, 528 Fed.Appx. 462, 463-64 (6th Cir. 2013)

(citing *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). The Court, however, need not accept "legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976) (additional citations omitted)), and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotations omitted). "[F]actual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### B. Plaintiff Lacks Standing.

Plaintiff's initial hurdle is her lack of standing to bring her claim against either of the Challenged Statutes. "Article III of the United States Constitution 'does not extend the judicial power to any legal question, wherever and however presented, but only to those legal questions presented in Cases and Controversies.' " *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009) (quoting *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (en banc) (internal quotations omitted)). "Article III's 'case and controversy' requirement is not satisfied, and a court therefore has no jurisdiction, when the claimant lacks standing, that is, 'a sufficiently concrete and redressable interest in the dispute.' " *Fieger*, 553 F.3d at 961 *(*quoting *Warshak*, 532 F.3d at 525). Therefore, "[s]tanding is the 'threshold question in every federal case.'" *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001) (quoting *Coyne v. Am. Tobacco Co*., 183 F.3d 488, 494 (6th Cir. 1999)).

"To establish Article III standing, a party must meet three requirements: (1) 'he must demonstrate injury in fact—a harm that is both concrete and actual or imminent, not conjectural or hypothetical'; (2) 'he must establish causation—a fairly traceable connection between the

alleged injury in fact and the alleged conduct of the defendant'; and (3) 'he must demonstrate redressability—a substantial likelihood that the requested relief will remedy the alleged injury in fact.' " *Davis v. Detroit Pub. Schs. Cmty. Dist.*, 899 F.3d 437, 443 (6th Cir. 2018) (quoting *Vt. Agency of Nat. Res. v. United States ex rel. Stevens,* 529 U.S. 765, 771, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000) (quotation marks omitted)).  "The burden of establishing standing is on the party seeking federal court action." *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).  Additionally, "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 109, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983)).

### 1. Plaintiff fails to allege a sufficiently imminent, credible threat of prosecution.

There is no dispute that Plaintiff has suffered no actual, concrete injury.  She has never been arrested, charged, or convicted of Menacing by Stalking or Telecommunications Harassment.  And, Plaintiff does not allege that she has been threatened with prosecution for her alleged political speech.  Instead, Plaintiff alleges that she halted her political speech solely because she simply fears that she will be prosecuted for Menacing by Stalking and Telecommunication Harassment like Mr. Rasawehr and the Summers couple.  Compl., Doc. 1, PageID # 9-10.  Plaintiff's speculative fear of prosecution is wholly insufficient to confer standing here.

While it is true that Plaintiff need not wait until she becomes a criminal defendant to bring her First Amendment challenge, she nonetheless must allege sufficient facts to establish that she is the subject of a *credible* threat of prosecution.  *See Plunderbund Media, L.L,C, v.*

*DeWine*, 753 Fed. Appx. 362, 365-66 (6th Cir. 2018) (citing *Grendell*, 252 F.3d at 832). *See also Susan B. Anthony List v. Driehaus (SBA List)*, 573 U.S. 149, 159, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights."). However, "[t]o avoid conferring standing by way of guesswork, we require that a litigant demonstrate either a concrete harm or the threat of such harm." *Morrison v. Bd. of Educ.*, 521 F.3d 602, 608 (6th Cir. 2008) (citing *Laird v. Tatum*, 408 U.S. 1, 13-14, 92 S.Ct. 2318, 33 L. Ed. 2d 154 (1972)). In a First Amendment pre-enforcement challenge, like the Plaintiff's, "'a plaintiff satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Plunderbund Media*, 753 Fed. Appx. at 366 (quoting *SBA List*, 573 U.S. at 159) (internal quotations omitted).

In addition to being credible, the threat of prosecution must also be sufficiently imminent. "In the typical case, a statute must be enforced against the plaintiff before he may challenge its constitutionality, but pre-enforcement is available in some contexts if 'threatened enforcement [is] sufficiently imminent' – that is, there is a 'credible threat' that the provision will be enforced against the plaintiff." *Phillips v. DeWine*, 841 F.3d 405, 415 (6th Cir. 2016) (quoting *SBA List*, 573 at 159) (alteration in original). Threats of prosecution that are not sufficiently imminent are too speculative for Article III purposes. "'Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes – that the injury is *certainly* impending.'" *Id.* at 416 (quoting *Lujan*, 504 U.S. at 565, n.2) (emphasis sic)). A plaintiff can show that her fear of prosecution is credible and sufficiently imminent by relying on other factors such as: "(1) a

history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action." *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016) (internal citations omitted).

To support her fear of prosecution, Plaintiff only offers three examples of prior enforcement of the Challenged Statutes against others – the *Rasawehr* case and the two *Summers* cases. Compl., Doc. 1, PageID # 9-10. None of these examples move Plaintiff any closer to establishing that she suffers a credible and sufficiently imminent threat of prosecution of Menacing by Stalking and Telecommunications Harassment by the Mercer County Prosecutor. First, Plaintiff does not allege that she has engaged in, or intends to engage in, conduct that is anywhere near the conduct of Rasawehr and the Summers couple that led to their prosecutions for Menacing by Stalking and Telecommunications Harassment. Indeed, Rasawehr engaged in a pattern of harassing text messages and voicemails to a former spouse. *See State v. Rasawehr*, 2020-Ohio-429, ¶23 (3d Dist. 2020). Moreover, Charles and Vicki Summers were charged under the statutes for engaging in a pattern of harassing conduct toward a private individual identified as J.K. *See* C. Summers Bill of Particulars, Answer of Mercer County Prosecutor, Exh. D, Doc. 10-4, PageID # 89-119, and, V. Summers Bill of Particulars, Answer of Mercer County Prosecutor, Exh. C, Doc. 10-3, PageID # 58-88. Plaintiff, on the other hand, claims merely that she engaged in "political dialogue." Compl., Doc. 1, PageID #2, ¶ 6. But, she fails to point to a single case where an individual engaging in political speech either via the internet or during face-to-face interactions was prosecuted for the Challenged Statutes. Plaintiff's alleged political speech is entirely dissimilar to the speech and conduct of Rasawehr and the Summers

couple.  Thus, she has failed to allege that she intends to engage in conduct for which there is a credible and sufficiently imminent threat of prosecution of Menacing by Stalking and Telecommunications Harassment.

Equally unavailing is Plaintiff's claim that, in the hands of rogue prosecutors (ostensibly like the Mercer County Prosecutor in the *Rasawehr* and *Summers* cases), the Challenged Statutes can be used to retaliate against individuals for engaging in First Amendment protected speech. *See id.* at PageID #9-10, ¶¶ 23-27.  "Alleging a risk of false prosecution fails to establish standing when plaintiffs' unsupported allegations are 'simply too …. highly conjectural to present a threat of immediate injury, as the allegations rest [] on a string of actions the occurrence of which is merely speculative.'"  *Plunderbund*, 753 Fed. Appx. at 371 (quoting *White v. United States*, 601 F.3d 545, 554 (6th Cir. 2010) (alteration in original).  Here, Plaintiff's theory that she suffers a threat of retaliatory prosecution is completely unsupported by any facts in her complaint.  And, the *Rasawehr* and *Summers* cases actually cut against her retaliation theory since their prosecutions for Menacing by Stalking and Telecommunications Harassment are supported by credible allegations of wrongdoing.  Thus, Plaintiff's fear of retaliatory prosecution is simply highly conjectural and speculative.

Without an actual injury or a credible and sufficiently imminent threat of prosecution under the Challenged Statutes, Plaintiff's alleged injury is confined solely to her claim of chilled political speech.  To be sure, subjective chill without more is not enough to establish standing.  "'Allegations of a subjective 'chill' are not an adequate substitute for claims of specific present objective harm or a threat of specific future harm.'"  *Morrison*, 521 F.3d at 608 (quoting *Laird*, 408 U.S. at 13-14).  *See also Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L. Ed. 2d 343, (1975) (injury must be "distinct and palpable" to confer standing).  And, "subjective chill

requires some specific action on the part of the defendant in order for the litigant to demonstrate an injury-in-fact." *Morrison*, 521 F.3d at 609.  Federal courts routinely dismiss First Amendment claims for lack of standing when the plaintiff only alleges subjective chill. *Id.* (citing *Grendell*, 252 F.3d at 834).  *See also Adult Video Ass'n v. U.S. Dep't of Justice*, 71 F.3d 563, 566 (6th Cir. 1995) (speculative fear of prosecution along with subjective chill cannot confer standing); *United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1380 (D.C. Cir. 1984) (chilling effect does not rise to "immediate threat of concrete, harmful action".).  Accordingly, Plaintiff lacks standing to bring her complaint, and the Attorney General is entitled to judgment on the pleadings.

## C.  Plaintiff's Constitutional Attacks of the Challenged Statutes Based on Overbreadth and Vagueness Fail.

First, Plaintiff's request that this court invalidate portions of two long standing criminal statutes is extraordinary. Compl. Prayer for Relief, Doc. 1, PageID # 13-14.  She has failed to allege sufficient facts to establish that she is entitled to this extraordinary relief.  "Even in First Amendment cases, facial invalidation is 'strong medicine that is not to be casually employed.'" *Schickel v. Dilger*, 925 F.3d 858, 880 (6th Cir. 2019) (quoting *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 336 (6th Cir. 2009) (en banc)).  The overbreadth doctrine should be used to invalidate statutes "'sparingly and only as a last resort.'" *Triplett Grille v. City of Akron*, 40 F.3d 129, 136 (6th Cir. 1994) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S. Ct. 2908, 37 L. Ed. 2d 500 (1973)).  "A statute should not be held to be unconstitutional if there is any reasonable interpretation that can save it."  *See Jennings* v. *Rodriguez*, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018) (slip op., at 12).

Next, neither the Menacing by Stalking nor Telecommunications Harassment statute is unconstitutionally overbroad or void for vagueness.  "'A law is overbroad under the First

Amendment if it 'reaches a substantial number of impermissible applications' relative to the law's legitimate sweep.'" *Schickel*, 925 F.3d at 880 (quoting *East Brooks Books, Inc. v. Shelby Cty.*, 588 F.3d 360, 366 (6th Cir. 2009)). *See also Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 466 F.3d 391, 396 (6th Cir. 2006). Under the overbreadth doctrine, "'an individual whose own speech or conduct may be prohibited is permitted to challenge a statute on its face because it also threatens others not before the court – those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid.'" *Triplett Grille,* 40 F.3d at 135 (quoting *Board of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 574, 107 S.Ct. 2568, 96 L. Ed. 2d 500 (1987)). "[A] plaintiff may prevail on a facial attack by demonstrating there is 'a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court.'" *Id.* (quoting *City Council v. Taxpayers for Vincent*, 466 U.S. 789, 801, 104 S.Ct. 2118, 80 L. Ed. 2d 772 (1984)). "A statute may be stricken as unconstitutional under the First Amendment if it has a substantial chilling effect upon protected speech." *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 292 (6th Cir. 1998) (citing *Reno v. ACLU*, 521 U.S. 844, 872, 117 S. Ct. 2329, 138 L. Ed. 2d 874 (1997)).

However, in a facial challenge, "a plaintiff must show substantial overbreadth: that the statute prohibits "'a substantial amount of protected speech both in an absolute sense and relative to [the statute's] plainly legitimate sweep[.]'" *Speet v. Schuette,* 726 F.3d 867, 872 (6th Cir. 2013) (quoting *Carey v. Wolnitzek*, 614 F.3d 189, 208 (6th Cir. 2010) (quoting *Connection Distrib. Co.*, 557 F.3d at 336)). The Sixth Circuit has acknowledged that "[T]he concept of 'substantial overbreadth'" has "some elusive qualities[.]" *Connection Distrib. Co.*, 557 F.3d at 340; *see also Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800, 104 S.Ct.

2118 (1984) ("[t]he concept of 'substantial overbreadth' is not readily reduced to an exact definition."). But the doctrine of substantial overbreadth "involves an inquiry into the 'absolute' nature of a law's suppression of speech." *Connection Distrib. Co*., 557 F.3d at 340. A facial challenge based on substantial overbreadth "describe[s] a challenge to a statute that in all its applications directly restricts protected First Amendment activity and does not employ means narrowly tailored to serve a compelling governmental interest." *Sec'y of State of Md. v. Joseph H. Munson Co., Inc*., 467 U.S. 947, 966 n.13, 104 S. Ct. 2839, 81 L. Ed. 2d 786 (1984) (citing *Vill. of Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 637-639, 100 S. Ct. 826, 63 L. Ed. 2d 73 (1980) (rest of citation omitted)).

"To succeed on a vagueness challenge, a plaintiff must show either that the law (1) 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits'; or (2) 'authorizes or even encourages arbitrary and discriminatory enforcement.'" *Schickel*, 925 F.3d at 878 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2566, 192 L. Ed. 2d 569 (2015)). "For laws that interfere with the right of free speech or association, 'a more stringent vagueness test should apply.'" *Id. (*quoting *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Supreme Court*, 894 F.3d 235, 246 (6th Cir. 2018)). When determining whether a law provides fair notice, federal courts look to the state's courts for guidance. *Id. (*quoting *Platt*, 894 F.3d at 246). Finally, "[t]o determine whether a statute creates opportunities for arbitrary enforcement, we ask whether the catch-all provision 'provide[s] explicit standards guiding [its] enforcement.'" *Id.* at 880 (quoting *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 359 (6th Cir. 1998)).

### 1. Menacing by Stalking (Ohio Rev. Code § 2903.211)

It is only by stretching Ohio law to absurd limits, and ignoring existing Ohio law that Plaintiff can challenge Ohio's Menacing by Stalking statute. Plaintiff asserts that Ohio Rev. Code §2903.211(A)(1) & (A)(2)(a)&(b), (D)(1)& (7) uses overly expansive terms and definitions which causes it to impermissibly sweep in "speech and expressive conduct, as opposed to purely unexpressive conduct." Compl., Doc. 1. PageID #4, ¶13. For example, she claims that the statute's definitions of "pattern of conduct" (Ohio Rev. Code §2903.211(D)(1)), which includes "the posting of messages, use of intentionally written or verbal graphic gestures, or receipt of information or data through the use of any form of written communication" and "posting of messages" (Ohio Rev. Code §2903.211(D)(7)), which includes "transferring, sending, posting, publishing, disseminating, otherwise communicating, or attempting to transfer...any message or information, whether truthful or untruthful" creates a vast prohibition against online and in-person speech, even truthful speech. Compl., Doc. 1, PageID #4-5, ¶¶ 12-13. Plaintiff further claims that the statute's inclusion of online communication impermissibly chills First Amendment speech. *Id*. at PageID #5-6, ¶¶ 14-15.

Plaintiff's assertion that the Menacing by Stalking statute criminalizes protected speech is directly contrary to Ohio law. Ohio Courts have long held that criminal statutes that require the element of specific intent do not limit protected speech but merely restrict criminal conduct. *State v. Ellison*, 178 Ohio App. 3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶15 (1st Dist. 2008). Federal courts must "defer [] to a state court's interpretation of its own laws." *Bates v. Warden, Chillicothe Correctional Institution*, No. 2:14-cv-01325, 2015 U.S. Dist. LEXIS 120591, 2015 WL 5299454, at *8 n. 3 (S.D. Ohio Sept. 10, 2015).

In *Ellison*, a criminal defendant challenged her conviction for Telecommunications Harassment claiming that she did not directly communicate with her victim and therefore did not

intend to harass her. 2008-Ohio5282 at ¶ 13. In upholding the conviction, the Ohio appellate court explained, "for conduct to rise to the level of criminal harassment under this section of the statute, the accused must have intended to alarm or to cause substantial emotional distress to the recipient, not just annoy her." *Id.* at ¶ 14. The court further ruled that, "[i]mportantly, the statute creates a specific-intent crime: the state must prove the defendant's specific purpose to harass….The legislature has created this substantial burden to limit the statute's scope to criminal conduct, not the expression of offensive speech." *Id.* at ¶ 15.

The *Ellison* decision applies with full force to the Menacing by Stalking statute too. First, Menacing by Stalking is also a specific intent crime. Ohio Rev. Code § 2903.211(A)(1) and (2) criminalize only "patterns of conduct" where the defendant "knowingly" and "with purpose" intends to cause another person mental distress. So, Ohio courts have held that it is the intent to cause another person mental distress that is prohibited by the Menacing by Stalking statute and not constitutionally protected speech. In *State v. Szerlip*, 2002-Ohio-900, 2002 Ohio App. LEXIS 893, *19 (5th Dist. 2002), the Ohio appellate court upheld a conviction of Menacing by Stalking by a criminal defendant who maintained that the case should have been dismissed on First Amendment grounds. The Court succinctly ruled that, "[a]ppellant's constitutional right to freedom of speech is not at issue….Rather, a jury was asked to determine whether appellant's pattern of conduct knowingly caused mental distress as defined under the statute." *Id. See also State v. Farmer*, 2015-Ohio-5434, ¶ 82 (5th Dist. 2015) ("In the instant case, as in *Szerlip*, the jury was asked to determine whether Appellant's pattern of conduct knowingly caused the victim mental distress as defined under the statute. Appellant's right to free speech is not absolute, and he can be punished when his speech is threatening or interferes with the rights of others.").

Moreover, Ohio Courts have already held that Menacing by Stalking is not unconstitutionally overbroad or vague.  "[T]he language of R.C. 2903.211 is not so broad as to sweep within its prohibitions what many not otherwise be constitutionally punished."  *State v. Werfel*, 2003-Ohio-6958, ¶ 58 (11th Dist. 2003).  *See also State v. Benner*, 96 Ohio App.3d 327, 329, 644 N.E.2d 1130 (1st Dist. 1994) (same result); *Arruda v. Farmer*, 2015-Ohio-5511, ¶ 56, 55 N.E.3d 604 (5th Dist. 2015) (citing multiple Ohio cases in which the various courts of appeals found that the challenger's claims of vagueness or overbreadth were "meritless").

Furthermore, "R.C. 2903.211 is not void for vagueness, because the statute contains a scienter requirement." *Curington v. Moon*, 2009-Ohio-3013, ¶ 38 (2d Dist. 2009) (citing *Werfel*, 2003-Ohio-6958 at ¶ 62, and *State v. Barnhardt*, 2006-Ohio-4531, ¶ 12 (9th Dist. 2006).  The *Werfel* Court noted that:

> the level of intent required by a statute can mitigate any perceived vagueness, both facial and as applied.  R.C. 2903.211 requires that the offender, 'knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.' 'Knowingly' is one of the culpable mental states defined in R.C. 2901.22(B), which states: 'A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.'

2003-Ohio-6958 at ¶ 39.  Indeed, "[t]he scienter requirement vitiates any claim that the statute's purported vagueness could mislead a person of ordinary intelligence into misunderstanding what -is prohibited.  Viewing the statute in its entirety, we hold that a person of ordinary intelligence would be able to discern what conduct is prohibited …  Therefore, R.C. 2903.211 is not void for vagueness." *Id.* at ¶ 62 (internal citation omitted).

Ignoring this line of cases, Plaintiff still offers several examples of potential First Amendment activity that she claims would fall under the statute.  She points to various

individuals and professionals such as doctors, news reporters, girlfriends, police officers, teachers, political activists and filmmakers who may need to deliver bad news to another person who may then experience mental distress. Compl, Doc. 1, PageID #6-7, ¶ 16. She claims that these professionals could be charged with Menacing by Stalking if the individual receiving the information experienced mental distress. *See id.* at PageID #7, ¶ 17. To say the least, this is a strained reading of the statute. First, Plaintiff ignores the requirement of a "pattern of conduct" and that an individual must act with intent to cause mental distress. Indeed, under any reasonable interpretation, all of Plaintiff's examples involve a speaker with a legitimate purpose, not an intent to cause mental distress. As discussed above, the *Rasawehr* and *Summers* cases also do not support Plaintiff's claim that the Menacing by Stalking statute has been used to impinge on constitutionally protected speech. Moreover, even if Plaintiff's examples could show a few unconstitutional applications of the Menacing by Stalking statute, they are highly conjectural and cannot be relied upon. "A plaintiff making an overbroad challenge may not leverage a few alleged unconstitutional applications of the statute into a ruling invalidating the law in all of its applications. Rather, a plaintiff must demonstrate from the text of the statute and from actual fact that a substantial number of instances exist in which the law cannot be applied constitutionally." *Schikel*, 925 F.3d at 880 (quoting *Speet v. Schuette*, 726 F.3d 867, 878 (6th Cir. 2013) (internal quotations omitted). It is well settled Ohio law that the Menacing by Stalking statute does not implicate constitutionally protected speech, and it is not otherwise overbroad or void for vagueness. Additionally, Plaintiff has failed to allege facts showing that Menacing by Stalking is substantially overbroad. Accordingly, Plaintiff's claims as to the Menacing by Stalking statute should be denied.

### 2. Telecommunications Harassment (Ohio Rev. Code § 2917.21)

Plaintiff's challenge to Ohio's Telecommunications Harassment statue fares no better. She also asserts that Ohio Rev. Code § 2917.21 is unconstitutionally overbroad and void for vagueness because the terms "abuse" or "harass" are not adequately defined and because the statute "does not require that the allegedly harassing communications be directed specifically at the person who is harassed by them." Compl., Doc. 1. PageID # 8, ¶¶ 19-20. Plaintiff claims that these alleged infirmities cause the Telecommunication Harassment statute to sweep in "online communication that is critical of the government or public figures or that other people may find annoying or irritating." *Id.* at PageID #8, ¶ 21. Her claims are baseless and contrary to Ohio and federal law.

Like the Menacing by Stalking statute, the Telecommunications Harassment statute is a specific intent statute that does not implicate constitutionally protected speech. *See Ellison*, 178 Ohio App. 3d at 738. And, Ohio courts have also rejected vagueness and overbreadth challenges against the Telecommunications Harassment statute as well. *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, 2015 WL 1255845, ¶¶ 32-38; *State v. Dennis*, 3d Dist. Allen No. 1-97-42, 1997 Ohio App. LEXIS 5049, 1997 WL 691448, at *2 (Oct. 30, 1997); *State v. Rettig*, 3d Dist. Henry Nos. 7-91-14, 7-91-15, 1992 Ohio App. LEXIS 516, 1992 WL 19326, at *1-2 (Feb. 3, 1992); *Akron v. Hawthorne*, 9th Dist. Summit No. 13670, 1989 Ohio App. LEXIS 407, 1989 WL 10333, at *1 (Feb. 8, 1989)). In fact, the *Kronenberg* court found that, contrary to Plaintiff's claim, the Telecommunications Harassment statute contains adequate definitions of key terms and therefore is not unconstitutionally vague. 2015-Ohio-1020 at ¶¶ 34-35. In accordance with Ohio law, and because Plaintiff has failed to otherwise allege that the Telecommunications Harassment statute is unconstitutionally overbroad or vague, the Court should dismiss Plaintiff's claim.

D.     **Plaintiff's State Law Claims Fail as a Matter of Law.**

Plaintiff brings her federal constitutional claims concurrently under the analogous provisions of the Ohio Constitution and she seeks identical remedies.  Compl., Doc. 1, PageID #13, ¶ 41.   Article I, Section 11 of the Ohio Constitution provides, "[e]very citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press." Plaintiff's state law claims fail as a matter of law because the Ohio Constitution does not provide a private right of action under Article 1, Section 11.  *Hagedorn v. Cattani*, 715 Fed. Appx. 499, 509 (6th Cir. 2017).  *See also Williams v. Nice*, 58 F. Supp. 3d 833, 839-40 (N.D. Ohio 2014) (same result).  Plaintiff's state law claims must therefore be dismissed.

III.    **CONCLUSION**

For the foregoing reasons, the Ohio Attorney General is entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  Plaintiff's Complaint should therefore be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
*Counsel of Record*
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, the foregoing was filed with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance.  Parties may access this filing through the Court's system.

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
Assistant Attorney General