IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, et al., | : |
| *Plaintiff,* | : Case No. 3:20-CV-00010 |
| v. | : Judge Walter Rice |
| DAVE YOST, et al., | : |
| *Defendants.* | : |

**DEFENDANT OHIO ATTORNEY GENERAL'S COMBINED REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Because Plaintiff lacks standing, this Court lacks jurisdiction to consider her claims. Even ignoring this fatal defect, Plaintiff's claims necessarily fail as neither of the challenged statutes are unconstitutional. Nothing in her "Omnibus" Response (Doc. 18) cures any of the fatal defects of her Complaint. First, Plaintiff failed to allege a sufficiently imminent and credible threat of prosecution. Plaintiff has never been threatened with enforcement or charged with a violation of either of the statutes she challenges here. Moreover, the only examples on which Plaintiff relies are easily distinguishable from this case. Second, Ohio courts have already found that the challenged statutes are neither vague nor overly broad, a finding to which this Court must defer. Third, the Plaintiff misconstrues Rule 12(c) and the Attorney General's request for relief. Finally, Plaintiff is not entitled to judgment on the pleadings. Thus, for these reasons and those provided below, the Attorney General is entitled to judgment on the pleadings, and Plaintiff's claims must be dismissed.

I. **Plaintiff failed to allege a sufficiently imminent and credible threat of prosecution.**

Plaintiff asks this Court to grant her extraordinary relief – find that the relevant portions of Ohio Rev. Code §§ 2903.211 (Menacing by Stalking) and 2917.21 (Telecommunications Harassment) are unconstitutional on their face. However, Plaintiff has failed to allege a concrete injury to confer standing upon her. Specifically, she has failed to allege a sufficiently imminent and credible threat of prosecution. To be sure, there is no dispute that Plaintiff has never been arrested, charged, or convicted of either statute, nor has she ever been threatened with enforcement of these statutes. In other words, her fear is completely speculative and insufficient. Because of this, this Court lacks jurisdiction to consider her claims.

Although Plaintiff need not be arrested, charged, or convicted to have standing to challenge the constitutionality of these statutes, she must, at a minimum, allege sufficient facts to establish that she is the subject of a *credible* threat of prosecution. *See Plunderbund Media, L.L,C, v. DeWine*, 753 Fed. Appx. 362, 365-66 (6th Cir. 2018) (citing *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001)); *see also Susan B. Anthony List v. Driehaus (SBA List)*, 573 U.S. 149, 159, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights."). A plaintiff can show that her fear of prosecution is credible and sufficiently imminent by relying on other factors such as: "(1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action." *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016) (internal citations omitted).

As stated previously in the Motion for Judgment on the Pleadings (Doc. 12), Plaintiff's reliance upon the defendants' conduct in the *Rasawehr* and *Summers* cases is misplaced. In *State v. Rasawehr*, 2020-Ohio-429, ¶23 (3d Dist. 2020), the defendant was not charged with Menacing by Stalking because of his political speech. Rather, the Court found that the defendant engaged in a pattern of harassing text messages and voicemails to his former spouse. *Id.* The defendant's charge of Telecommunications Harassment was similarly based on this conduct, rather than any political speech directed at any public officials. *Id.* at ¶ 34. Here, Plaintiff did not allege that she intends to engage in similar speech or that she ever has engaged in the type of speech for which the defendant in *Rasawehr* was charged and, ultimately, convicted. The same is true regarding the conduct in the *Summers* cases. Specifically, Charles and Vicki Summers were charged under the statutes for engaging in a pattern of harassing conduct toward *a private individual* identified as J.K. *See* C. Summers Bill of Particulars, Answer of Mercer County Prosecutor, Exh. D, Doc. 10-4, PageID # 89-119, and, V. Summers Bill of Particulars, Answer of Mercer County Prosecutor, Exh. C, Doc. 10-3, PageID # 58-88. Although Plaintiff alleges that she previously posted on the same Facebook page in which the underlying conduct in the *Summers* cases occurred, she claimed that she was involved in purely "political dialogue." Compl., Doc. 1, PageID #2, ¶ 6. None of these cases involve an individual being charged with either menacing by stalking or telecommunications harassment for engaging in purely "political dialogue." Therefore, they are clearly distinguishable.

Plaintiff now claims that her fear of prosecution is sufficient under *SBA List* and other similar cases. However, for various reasons, none of these cases support her claim. First, in *SBA List*, the Supreme Court found that the SBA alleged a sufficient threat of prosecution *when an enforcement proceeding was commenced* against it by the target of their speech. 573 U.S. at 164-

167. There, then-Congressman Steve Driehaus filed a complaint with the Ohio Elections Commission ("OEC") against SBA alleging that SBA violated Ohio's law related to false statements made during a campaign. *Id.* at 154. OEC found that probable cause existed and set the matter for a hearing. *Id.* While the matter with the OEC was pending, SBA sued in federal court to declare the law unconstitutional. *Id.* However, while both matters were pending, Driehaus lost the election and dismissed his complaint with the OEC. *Id.* at 155. On review of whether SBA had standing to bring their federal lawsuit, the Supreme Court concluded that SBA had alleged a sufficiently credible threat of prosecution based on the prior enforcement action filed by Driehaus. *Id.* at 164-165. Here, unlike in *SBA*, no enforcement actions have been taken or threatened against the Plaintiff.

*Steffel v. Thompson*, 415 U.S. 452, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) and *Holder v. Humanitarian Law Project*, 561 U. S. 1, 130 S. Ct. 2705, 177 L. Ed. 2d 355 (2010) are also distinguishable from this case. *See* Plaintiffs' Ombinus Response, Doc. 18, PageID # 187-189. In both *Steffel* and *Holder*, the challengers to the various statutes were found to have alleged a sufficiently credible and imminent threat of prosecution based on the fact that they or others were threatened with arrest or were arrested and/or charged for engaging in the same conduct. *Steffel*, 415 U.S. at 459 (finding a sufficient threat of prosecution where the petitioner was threatened with arrest and where his companion was prosecuted based on the same conduct); *Holder*, 561 U.S. at 15-16 (finding a sufficient threat of prosecution where the challengers sought to engage in the same conduct that would be in violation of the challenged statute and where the government had already charged 150 other people for engaging in the same conduct). Here, Plaintiff cannot establish standing simply by alleging that she posted on the same Facebook page(s) as the *Rasawehr* and *Summers* defendants. As explained above, Plaintiff does not allege that she

engaged or sought to engage in the same conduct that formed the basis for the criminal charges in the *Rasawehr* and *Summers* cases. *See supra*. Plaintiff has simply failed to allege that anyone engaged in "political dialogue" has been arrested, charged, or convicted (or threatened with enforcement) of Menacing by Stalking or Telecommunications Harassment.

Plaintiff's reliance on her remaining caselaw is misplaced. Unlike in *Babbitt v. UFW Nat'l Union*, 442 U.S. 289, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979), neither the Menacing by Stalking nor the Telecommunications Harassment statute prohibits political speech. In *Babbitt*, the plaintiffs were found to have standing because they established that unintentional false statements were inevitable in consumer publicity campaigns, which were prohibited by the challenged statute. *Id.* at 301. Finally, *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 108 S. Ct. 636, 98 L. Ed. 2d 782 (1988), is easily distinguishable because the plaintiffs were found to have standing due to the significant economic hardship that would be caused by complying with the statute. *Id.* at 392. Specifically, the statute prohibited booksellers from knowingly displaying certain materials for sale that would be harmful to juveniles. *Id.* at 387. The booksellers claimed that it would be costly to comply with the statute as they would have to either construct an "adults only" section or take other matters to conceal their products that would be harmful to juveniles. *Id.* at 389. The Supreme Court agreed and found they had standing. *Id.* at 392. Further, the Court noted that standing was also appropriate because the booksellers had alleged that bookbuyers' First Amendment rights were violated by the statute. *Id.* at 393. Here, Plaintiff has not alleged any economic hardship nor has she alleged standing based on the rights of others. In short, none of the Plaintiff's cases support a conclusion that she has alleged standing.

## II. The Attorney General sought appropriate relief under Rule 12(c).

Next, in her Omnibus Response, the Plaintiff argues that the Attorney General requested the wrong relief in regard to his argument that she lacks standing to bring her claims. *See* Plaintiff's Omnibus Response, Doc. 18, PAGEID #193-194. Specifically, she claims that because a court does not reach the merits of a case wherein the plaintiff is found to lack standing, it is impossible for this Court to find that the Attorney General is entitled to judgment as a matter of law. *Id.* at PAGEID #194. Plaintiff misses the point and completely misconstrues Rule 12(c).

In the Sixth Circuit, it is well established that a motion for judgment on the pleadings can be granted on the basis of lack of standing. *See Aarti Hospitality, LLC v. City of Grove City*, 350 Fed. Appx. 1, 5-11 (6th Cir. 2009); *Roxy Home Improvement, LLC v. Mercedes-Benz USA, LLC*, No. 1:17-cv-01817, 2018 U.S. Dist. LEXIS 59921, at *5-9 (N.D.Ohio Apr. 9, 2018). Thus, if a defendant files a motion for judgment on the pleadings, and the court finds that the plaintiff lacks standing, then the defendant would be entitled to judgment as a matter of law. *See id.* However, even if the Plaintiff's interpretation was correct, which it is not, the Attorney General requested appropriate relief by asking that the Court dismiss Plaintiff's case. *See* Motion for Judgment on the Pleadings, Doc. 12, PAGEID #144. Thus, this argument lacks merit.

## III. Plaintiff's constitutional claims fail as a matter of law.

Even if this Court concludes that Plaintiff has standing, which it should not, Plaintiff's constitutional claims fail as a matter of law. Specifically, she alleges that the Menacing by Stalking and Telecommunications Harassment statutes are unconstitutionally overbroad and vague. In doing so, she blatantly ignores Ohio precedent upholding the constitutionality of both statutes. Moreover, she makes no attempt to distinguish those cases from this case. Rather, she implores this Court to consider how Minnesota and Illinois have treated their laws. Yet, this Court must

defer to *Ohio* courts that have interpreted *Ohio* law on this issue, not other states and their laws. As the *Ohio* courts have found these statutes to be constitutional, this Court should do the same.

   **A.**  **The statutes are not overly broad.**

As Plaintiff brings a facial challenge to both statutes, she must "show substantial overbreadth: that the statute prohibits 'a substantial amount of protected speech both in an absolute sense and relative to [the statute's] plainly legitimate sweep[.]'" *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013) (quoting *Carey v. Wolnitzek*, 614 F.3d 189, 208 (6th Cir. 2010) (quotations omitted). Here, Plaintiff cannot do so, as neither statute regulates protected speech. Rather, they only prohibit criminal conduct.

  Ohio Courts have long established that criminal statutes that require the element of specific intent do not limit protected speech but merely restrict criminal conduct. *State v. Ellison*, 178 Ohio App. 3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶15 (1st Dist. 2008). Moreover, this Court must defer to the Ohio courts interpretations of Ohio law. *See Bates v. Warden, Chillicothe Correctional Institution*, No. 2:14-cv-01325, 2015 U.S. Dist. LEXIS 120591, 2015 WL 5299454, at *8 n. 3 (S.D. Ohio Sept. 10, 2015) (Federal Courts must "defer[] to a state court's interpretation of *its own laws*.") (emphasis added). In *Ellison*, the court found that the Telecommunications Harassment statute required a finding of specific intent. 2008-Ohio-5282 at ¶ 15 ("the state must prove the defendant's specific purpose to harass… The legislature has created this substantial burden to limit the statute's scope to criminal conduct, not the expression of offensive speech."). Ohio courts have also found that the same principle applies to the Menacing by Stalking statute. *See State v. Szerlip*, 2002-Ohio-900, 2002 Ohio App. LEXIS 893, *19 (5th Dist. 2002) ("Appellant's constitutional right to freedom of speech is not at issue….Rather, a jury was asked to determine whether appellant's pattern of conduct knowingly caused mental distress as defined

7

under the statute."); *see also State v. Farmer*, 2015-Ohio-5434, ¶ 82 (5th Dist. 2015) ("the jury was asked to determine whether Appellant's pattern of conduct knowingly caused the victim mental distress as defined under the statute. Appellant's right to free speech is not absolute, and he can be punished when his speech is threatening or interferes with the rights of others."). Therefore, neither statute can be construed as prohibiting constitutionally protected speech.

Further, numerous Ohio courts have already found that the Menacing by Stalking statute is not overly broad. *See State v. Werfel*, 2003-Ohio-6958, ¶ 58 (11th Dist. 2003) ("the language of [Ohio Rev. Code §] 2903.211 is not so broad as to sweep within its prohibitions what may not otherwise be constitutionally punished. Thus, appellant's challenge based upon [Ohio Rev. Code §] 2903.211's over breadth is overruled."); *State v. Benner*, 96 Ohio App.3d 327, 329, 644 N.E.2d 1130 (1st Dist. 1994) (same result); *Arruda v. Farmer*, 2015-Ohio-5511, ¶ 56, 55 N.E.3d 604 (5th Dist. 2015) (citing multiple Ohio cases in which the various courts of appeals found that the challenger's claims of vagueness or overbreadth were "meritless"). Ohio courts have made similar findings related to the Telecommunications Harassment statute. *See State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, 2015 WL 1255845, ¶ 38 (" [Ohio Rev. Code §] 2917.21(B) is not over broad since the First Amendment does not protect the type of activity that [the appellant] committed."); *State v. Rettig*, 3d Dist. Henry Nos. 7-91-14, 7-91-15, 1992 Ohio App. LEXIS 516, at *4-5 (Feb. 3, 1992); *Akron v. Hawthorne*, 9th Dist. Summit No. 13670, 1989 Ohio App. LEXIS 407, at *3-4 (Feb. 8, 1989). These holdings necessitate a similar finding here.

Finally, Plaintiff's laundry list of examples that allegedly involve constitutionally protected speech that would violate the Menacing by Stalking statute do not change the outcome. First, Plaintiff completely ignores the requirement of a "pattern of conduct" and that an individual must act with intent to cause mental distress. To be sure, all of the examples involve a speaker with a legitimate

purpose behind his or her speech under a reasonable interpretation of the statute. *See* Plaintiff's Omnibus Response, Doc. 18, PAGEID #197-198. However, even if Plaintiff's examples could show a few unconstitutional applications of the Menacing by Stalking statute, "[a] plaintiff making an overbroad challenge may not leverage a few alleged unconstitutional applications of the statute into a ruling invalidating the law in all of its applications. Rather, a plaintiff must demonstrate from the text of the statute and from actual fact that a substantial number of instances exist in which the law cannot be applied constitutionally." *Schickel v. Dilger*, 925 F.3d 858, 880 (6th Cir. 2019) (quoting *Speet v. Schuette*, 726 F.3d 867, 878 (6th Cir. 2013) (internal quotations omitted). The only real applications of the statutes upon which Plaintiff relies, the *Rasawehr* and *Summers* cases, though, were not based on any constitutionally protected conduct. *See supra*. As such, Plaintiff has failed to provide even one example of how someone engaging in constitutionally protected speech could be found in violation of the Menacing by Stalking statute.

      **B.**      **The statutes are not vague.**

Plaintiff also erroneously claims that the statutes are void for vagueness. "To succeed on a vagueness challenge, a plaintiff must show either that the law (1) 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits'; or (2) 'authorizes or even encourages arbitrary and discriminatory enforcement.'" *Id.* at 878 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2566, 192 L. Ed. 2d 569 (2015)). Further, because it is easy to allege that a particular phrase is vague or ambiguous, the United States Supreme Court has limited the reach of the void for vagueness doctrine and has cautioned that the Constitution "does not require impossible standards[,]" *United States v. Petrillo*, 332 U.S. 1, 7 (1947), or that it expects "perfect clarity and precise guidance[.]" *Holder v. Humanitarian Law Project*, 561 U.S. 1, 19 (2010) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). Here, Plaintiff argues that the

9

Menacing by Stalking and Telecommunications Harassment statutes lack "definitional clarity." Plaintiff's Omnibus Response, Doc. 18, PAGEID #201. Plaintiff's claims, however, are directly contradicted by Ohio law.

Ohio courts have expressly rejected Plaintiff's argument that the Menacing by Stalking and Telecommunications Harassment statutes are unconstitutionally vague. *See Curington v. Moon*, 2009-Ohio-3013, ¶ 38 (2d Dist. 2009) (citing *Werfel*, 2003-Ohio-6958 at ¶62, and *State v. Barnhardt*, 2006-Ohio-4531, ¶ 12 (9th Dist. 2006)) ("R.C. 2903.211 is not void for vagueness, because the statute contains a scienter requirement."); *Werfel*, 2003-Ohio-6958 at ¶ 62 ("[t]he scienter requirement vitiates any claim that the statute's purported vagueness could mislead a person of ordinary intelligence into misunderstanding what -is prohibited."; *Kronenberg*, 2015-Ohio-1020 at ¶¶ 34-35 (citing *State v. Dennis*, 3d Dist. Allen No. 1-97-42, 1997 Ohio App. LEXIS 5049, 1997 WL 691448, at *5-6 (Oct. 30, 1997)) (finding that Ohio Rev. Code § 2917.21 was not vague because the terms "abuse," "threaten," and "harass" were easily definable by their ordinary meaning). In other words, Ohio courts have expressly rejected Plaintiff's claim that the two statutes lack definitional clarity and concluded that "a person of ordinary intelligence would be able to discern what conduct is prohibited" under both statutes. *Werfel*, 2003-Ohio-6958 at ¶ 62; *see also Kronenberg*, 2015-Ohio-1020 at ¶ 35.

Plaintiff's position would require a statute to define each word contained therein, including the words and/or phrases used to define those words. *See* Plaintiff's Omnibus Response, Doc. 18, PAGEID #201. For example, Plaintiff admits that Ohio courts have defined the term "harass" as "to annoy or torment repeatedly and persistently." *State v. Dart*, 2d Dist. No. 23955, 2010 Ohio App. LEXIS 4756, at *10 (Nov. 10, 2010); Plaintiff's Omnibus Response, Doc. 18, PAGEID #198. Yet, Plaintiff claims that the Telecommunications Harassment statute is unconstitutionally vague

10

because it does not define "annoy." *See* Plaintiff's Omnibus Response, Doc. 18, PAGEID #201. This concept of "perfect language" has been expressly rejected by the United States Supreme Court. *Holder*, 561 U.S. at 19. And, as stated above, Ohio courts have already concluded that the ordinary person knows the everyday meaning of these words. Therefore, they are not unconstitutionally vague for failing to provide perfect clarity.

### C.  Plaintiff's arguments are based on inapplicable caselaw.

Ignoring the Ohio courts' interpretations of the Menacing by Stalking and Telecommunications Harassment statutes, Plaintiff relies on cases out of the Illinois and Minnesota Supreme Courts. *See* Plaintiff's Omnibus Response, Doc. 18, PAGEID #195-197 (citing *Matter of Welfare of A.J.B.*, 929 N.W.2d 840 (Minn. 2019) and *People v. Relerford*, 104 N.E.2d 341 (Ill. 2017)). Those cases, however, did not interpret the statutes in question here, let alone any of Ohio's laws. Rather, those cases involved questions of Illinois and Minnesota law. Nor do they provide any persuasive authority as Ohio courts have already interpreted the two statutes challenged by the Plaintiff. As Plaintiff challenges Ohio's laws, this Court must only defer to an Ohio court's interpretation of these statutes. *See Bates*, 2015 U.S. Dist. LEXIS 120591 at *24-25 (Federal Courts must "defer[] to a state court's interpretation of *its own laws*.") (emphasis added).

### IV.  The Plaintiff is not entitled to judgment on the pleadings.

Finally, in her Omnibus Response, Plaintiff requests that the Court grant her judgment on the pleadings. Doc. 18, PAGEID #204. In doing so, however, she misconstrues the Rule and its application. Specifically, she erroneously claims that the allegations in her Complaint are to be construed as true in ruling on *her* "motion" for judgment on the pleadings.[1] This is incorrect.

---

[1] The Attorney General notes that Plaintiff's "motion" was not brought properly, but was rather included in her Omnibus Response to the various motions for judgment on the pleadings filed by the Defendants. *See* Local Rule 7.2(a)(1) ("All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon."

Rather, "[t]he Court must construe *the contested pleading* in the light most favorable to the *non-moving party*, and determine whether *the non-moving party* 'undoubtedly' can prove no set of facts in support of the claims that would entitle him to relief." *Newton v. Miller*, No. 3:07-CV-449, 2009 U.S. Dist. LEXIS 92091, at *5 (E.D.Tenn. Sep. 30, 2009) (citing *Mixon v. Ohio*, 193 F.3d 389, 399 (6th Cir. 1999) (emphasis added). Accordingly, to the extent that Plaintiff has filed a motion for judgment on the pleadings, the "contested pleading" would be the Attorney General's Answer (Doc. 9) and the "non-moving party" would be the Attorney General. Looking at the Attorney General's answer, the Attorney General denied nearly all of the allegations contained in the Plaintiff's Complaint either outright or due to a lack of knowledge. *See generally* Answer, Doc. 9. Given this along with the Attorney General's arguments contained herein and in his Motion for Judgment on the Pleadings (Doc. 12), Plaintiff has failed to establish how she is entitled to judgment as a matter of law as to her constitutional claims. Therefore, to the extent that Plaintiff has filed such a motion, it should be denied.

**V.     Conclusion**

For these reasons and for the reasons enumerated in the Motion for Judgment on the Pleadings (Doc. 12), the Attorney General is entitled to judgment on the pleadings, and Plaintiff's Complaint (Doc. 1) should be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Michael A. Walton*
MICHAEL A. WALTON (0092201)
JULIE M. PFEIFFER (0069762)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592

Julie.Pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Attorney General Dave Yost*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Michael A. Walton*
MICHAEL A. WALTON (0092201)
Assistant Attorney General