**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
WESTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | : | |
| | : | |
| *Plaintiff,* | : | Case No. 3:20-CV-00010 |
| | : | |
| v. | : | Judge Walter Rice |
| | : | |
| **DAVE YOST, et al.,** | : | |
| | : | |
| *Defendants.* | : | |

---

**DEFENDANT OHIO ATTORNEY GENERAL'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

---

## I.    INTRODUCTION

In her Objections (Doc. 28), Plaintiff asks this Court to ignore longstanding principles related to Article III standing so that her baseless claims can continue.  She first claims that the Magistrate Judge applied a more stringent standing test than what is required in a pre-enforcement challenge.  Next, she suggests that, even if the Magistrate Judge applied the correct test, the Magistrate Judge incorrectly found that her conduct was not similar to those who faced enforcement of the challenged statutes.  Finally, she claims that the Magistrate Judge's Report and Recommendation, if allowed to stand, sets a dangerous precedent that ignores Supreme Court First Amendment jurisprudence.

All three of Plaintiff's Objections are meritless.  First, the Magistrate Judge applied the correct standard for pre-enforcement challenges under the precedent set by the United States Supreme Court and Sixth Circuit Court of Appeals, which required Plaintiff to sufficiently allege a *credible* fear of prosecution. *See Plunderbund Media, L.L.C. v. DeWine*, 753 Fed. Appx. 362, 366 (6th Cir. 2018) (quoting *Susan B. Anthony List v. Driehaus (SBA List)*, 573 U.S. 149, 159, 134

S. Ct. 2334, 189 L. Ed. 2d 246 (2014)).  Under this standard, Plaintiff completely failed to establish any *credible* fear of prosecution for her alleged political speech on Facebook.  The Magistrate Judge correctly recognized that *Rasawehr* and *Summers*, two cases that the Plaintiff identified as similarly situated, were not similarly situated at all.  In those cases, the defendants engaged in harassing/threatening conduct towards private individuals, not the political speech that the Plaintiff alleges that she engaged in.  Without the critical connection between Plaintiff's alleged protected activity and similarly situated examples of prosecutions under the Challenged Statutes, Plaintiff failed to allege that her fear of prosecution was *credible*.   Finally, Plaintiff's reliance on cases involving commercial speech, sexually explicit speech, and others are completely irrelevant to this case.  Accordingly, the Magistrate Judge correctly recommended that the Defendants' Motion for Judgment on the Pleadings be granted.  This Court should adopt the Magistrate's Report and Recommendation in full and dismiss the Plaintiff's Complaint.

## II.    BACKGROUND

This case originated with the filing of Plaintiff's Complaint (Doc. 1) in which she claimed that portions of Ohio's criminal statutes related to menacing by stalking (Ohio Rev. Code § 2903.211) and telecommunications harassment (Ohio Rev. Code § 2917.21) violated freedom of speech under both the United States and Ohio Constitutions.  *See* Complaint, Doc. 1, PAGEID # 11-13.  As Defendants, the Plaintiff named the Ohio Attorney General and the Mercer County Prosecutor.  *See id.* at PAGEID # 1.

After each of the Defendants filed an Answer (Docs. 9 and 10), each moved for judgment on the pleadings.  *See generally* Docs. 12 and 13.  Relevant to Plaintiff's Objection, each Defendant argued that Plaintiff lacked standing because she had not suffered an injury in fact.  *See, e.g.*, Motion for Judgment on the Pleadings, Doc. 12, PAGEID # 132-136.  Specifically, each Defendant

claimed that Plaintiff did not allege a credible threat of prosecution.  *See, e.g.*, *id.*  In an "omnibus" filing, Plaintiff argued that she sufficiently alleged a credible threat and that she was entitled to judgment on the pleadings.  *See generally* Omnibus Response and Motion for Judgment on the Pleadings, Doc. 18.

Ultimately, the Magistrate Judge agreed with the Defendants and issued a Report and Recommendation in which she recommended that the case be dismissed due to lack of standing.  *See* Report and Recommendation, Doc. 26, PAGEID # 267.  Specifically, the Magistrate Judge found that Plaintiff had failed to provide any examples of the challenged statutes being used to criminalize or otherwise regulate political speech.  *Id.* at PAGEID # 263-266.  Absent such a showing, the Magistrate Judge concluded that Plaintiff was not faced with a credible threat of prosecution for engaging in political discourse online.  *See id.* at PAGEID #267.

Plaintiff has now filed Objections to that Report and Recommendation.[1]  *See generally* Objection, Doc. 28.  Inconsistent with her prior filings, Plaintiff now claims that the Magistrate Judge applied the wrong test for standing in pre-enforcement challenges.  *See id* at PAGEID # 304. In the alternative, she argues that she established standing under the test used by the Magistrate Judge.  *Id.* at PAGEID # 304-305.  Finally, she suggests that the Magistrate Judge's recommendation, if allowed to stand, would set a dangerous precedent that goes against Supreme Court First Amendment jurisprudence.  *See id.* at PAGEID # 305.  However, as discussed below, none of the Plaintiff's objections possess any merit.  As such, they should be overruled, and the Magistrate Judge's Report and Recommendation (Doc. 26) should be adopted in full, which will result in a dismissal of the Complaint (Doc. 1).

---

[1] Plaintiff initially filed an Objection on December 31, 2020.  *See* Objection, Doc. 27.  However, she later filed a corrected Objection on January 4, 2021.  *See* Objection, Doc. 28.  Thus, this new Objection controls and it is to this Objection in which the Attorney General responds.

## III.   ARGUMENT

### A.   Standard of Review

A district court reviews any objections to a Magistrate Judge's report and recommendation de novo.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Washington v. Comm'r of Soc. Sec.*, No. 1:07-cv-230, 2008 U.S. Dist. LEXIS 75629, at *5-6 (S.D.Ohio Sep. 30, 2008).  The Magistrate Judge's report and recommendation addressed the Attorney General's Motion for Judgment on the Pleadings (Doc. 12) for lack of standing at the pleadings stage.  A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss brought under Fed. R. Civ. P. 12(b).  *See Mellentine v. Ameriquest Mortg. Co.*, 515 Fed. Appx. 419, 423 (6th Cir. 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).  Rule 12(b)(6) provides for dismissal based on the failure to state a claim.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B.   The Magistrate Judge applied the correct standing test in this pre-enforcement challenge.

The Magistrate Judge applied the correct standard for Article III standing based on Supreme Court and Sixth Circuit precedent.  Article III standing is a requirement in every federal case.  *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)) ("[s]tanding is the 'threshold question in every federal case.'").  Relevant here, the first requirement of Article III standing is that a plaintiff has an injury in fact.  *See Davis v. Detroit Pub. Schs. Cmty. Dist.*, 899 F.3d 437, 443 (6th Cir. 2018) (quoting *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct.

1858, 146 L. Ed. 2d 836 (2000)). In pre-enforcement challenges such as this case, "'a plaintiff satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Plunderbund Media, L.L.C. v. DeWine*, 753 Fed. Appx. 362, 366 (6th Cir. 2018) (quoting *Susan B. Anthony List v. Driehaus (SBA List)*, 573 U.S. 149, 159, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014)) (internal quotations omitted). Plaintiffs can establish a credible threat of prosecution by alleging, and later establishing, any of the following: "(1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action." *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016) (internal citations omitted). When relying on a history of past enforcement, as was done here, the Sixth Circuit has held that "[a] threat of future enforcement may be 'credible' when the same conduct has drawn enforcement actions or threats of enforcement in the past." *Kiser v. Reitz*, 765 F.3d 601, 609 (6th Cir. 2014) (citing *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)).

In her Report, the Magistrate Judge followed these same exact principles. Initially, the Magistrate laid out the applicable standards for Article III standing in pre-enforcement cases such as this. *See* Report and Recommendation, Doc. 26, PAGEID # 258. Specifically, the Magistrate Judge found that Plaintiff's allegations needed to "establish her injury in fact by alleging 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Id.* at PAGEID #259 (quoting *Kiser*, 765 F.3d at 608) (internal quotation and additional citation

omitted).  The Magistrate Judge next discussed how Plaintiff can show a credible threat of prosecution.  *Id.* at PAGEID #260.  Due to the allegations in the Complaint, the Magistrate Judge found that the only way Plaintiff could establish standing was to allege that the challenged statutes were enforced against others.  *Id.*  Notably, the Magistrate Judge found that Plaintiff's alleged conduct, i.e. political speech, had to be the same as that of the others whom enforcement was done.  *Id.* at PAGEID #263 (quoting *Kiser*, 765 F.3d at 609).  The Magistrate Judge's analysis of the applicable standards was entirely consistent with the principles established by the Supreme Court and the Sixth Circuit.  Accordingly, the Magistrate Judge did not apply a more stringent standing standard than what was prescribed by the caselaw.

Plaintiff's new-found position that the alleged conduct need not be the same is entirely inconsistent with her previous positions prior to the filing of her Objection.  From the onset, Plaintiff has claimed that her conduct is similar to that of Jeff Rasawehr, Charles Summers, and Vicki Summers, who, she claimed, were arrested and charged with menacing by stalking and telecommunications harassment for speaking out against public officials.  *See* Complaint, Doc. 1, PAGEID # 9-11.  She reiterated these claims in her *Omnibus Response and Motion for Judgment on the Pleadings*.  *See, e.g.*, Omnibus Response and Motion for Judgment on the Pleadings, Doc. 18, PAGEID # 193 ("[Plaintiff] has engaged in active online commentary about the very same Mercer County officials whose criticism prompted prosecution in the Summers and Resawehr [sic] cases. She has posted in the very same forum that is the subject of prosecution.").  Plaintiff has simply shown no legal support for this "new" position that she need only have a subjective fear of prosecution, even if it is entirely non-credible.  Indeed, this position has been consistently rejected.  *See, e.g.*, *Kiser*, 765 F.3d at 609 (for a plaintiff to have standing in a pre-enforcement challenge, the plaintiff's fear of prosecution must be *credible*).

**C.** **The Magistrate Judge correctly found that the Plaintiff lacked a credible threat of prosecution for engaging in political speech.**

Applying the law to this case, the Magistrate Judge correctly found that Plaintiff lacked a credible fear of prosecution. In her Report and Recommendation, the Magistrate Judge found that Plaintiff's conduct, i.e. political speech, was not similar to the conduct of Rasawehr, Charles Summers, or Vicki Summers, who were charged and/or convicted of menacing by stalking and telecommunications harassment. Report and Recommendation, Doc. 26, PAGEID # 263-265. Because of this, the Magistrate found that Plaintiff lacked a credible threat of prosecution and, as a result, Plaintiff lacked standing. *Id.* For the reasons that follow, the Court should adopt the Magistrate Judge's findings.

Under the standards set forth by the Supreme Court and Sixth Circuit, Plaintiff must show how the menacing by stalking and telecommunications statutes have been enforced against an individual engaged in political speech. *See Kiser*, 765 F.3d at 609. Prior to Plaintiff's recent Supplement (Doc. 29), Plaintiff solely relied upon the facts in the *Rasawehr* and *Summers* cases. *See generally* Compl., Doc. 1; Omnibus Response and Motion for Judgment on the Pleadings, Doc. 18. However, none of the defendants in those cases were charged and/or convicted of menacing by stalking or telecommunications harassment based on political speech.

Rasawehr was convicted of menacing by stalking and telecommunications harassment after engaging in a pattern of harassing text messages and voicemails to a former spouse. *See State v. Rasawehr*, 2020-Ohio-429, ¶23 (3d Dist. 2020). Although the defendant threatened to kill the Mercer County Sheriff and uttered other obscene words related to other Mercer County officials in his communications to his ex-wife, it was done with the intent "of creating fear in the victim[.]" *Id.* at ¶ 35. Now, for the first time, Plaintiff claims that Rasawehr was prosecuted for his statements calling the Sheriff "stupid" and "corrupt" among other things. *See* Objection, Doc. 28, PAGEID #311.

7

However, by her own admission, Rasawehr was *not* charged with menacing by stalking or telecommunications harassment based on these statements. *Id.* Rather, he was charged with an entirely different crime, obstruction of official business. As she does not challenge that provision, such reliance is clearly misplaced as is her reliance upon comparisons to plaintiffs in other pre-enforcement challenge cases that were not charged with the same crimes. *Id.* at PAGEID # 309-310. Additionally, as stated in more detail in the Attorney General's Combined Reply and Response, all of the cases upon which Plaintiff relies, e.g. *Steffel*, 415 U.S. 452, are distinguishable. *See* Combined Reply and Response, Doc. 19, PAGEID # 212-214.

Similarly, neither Charles nor Vicki Summers was charged with menacing by stalking or telecommunications harassment based on political speech. Rather, they engaged in a pattern of harassing conduct toward a private individual identified as J.K. *See* C. Summers Bill of Particulars, Answer of Mercer County Prosecutor, Exh. D, Doc. 10-4, PageID # 89-119, and, V. Summers Bill of Particulars, Answer of Mercer County Prosecutor, Exh. C, Doc. 10-3, PageID # 58-88. Although Plaintiff claims to have posted on the same Facebook page operated by Charles and Vicki Summers, she does not claim to have engaged in the same harassment towards J.K. Rather, her involvement was limited to "criticisms of Mercer County governmental officials, their actions, and decisions." Complaint, Doc. 1, PAGEID #10.

Plaintiff has also filed a Supplement in support of her Objection that includes the underlying criminal complaint in *State v. Criscione*, Berea Municipal Court No. 20CRB01262. *See generally* Supplement, Doc. 29. She claims that "[t]he case against Ms. Criscione supports Jane Doe's well-founded fear that she too will be prosecuted for Telecommunications Harassment and Menacing by Stalking if she posts critical commentary online and calls into question the Magistrate Judge's standing analysis." *Id.* at PAGEID # 329. As to Plaintiff's claim that her

situation is similar to that of Criscione, all this Court need do is review the complaint investigation report of that case to see that the incidents are completely dissimilar.

Although Criscione was charged with menacing by stalking and telecommunications harassment, it was not because of any political speech. Rather, she was charged with menacing by stalking because she allegedly "knowingly engage[d] in a pattern of conduct with purpose to cause mental distress by posting multiple negative messages to a website in regards to [the victim] and trespassing on the property of the East Park Nursing Home[.]" Supplement, Ex. 2, Doc. 29-2, PAGEID # 333. Additionally, she was charged with telecommunications harassment based on allegations that she "knowingly post[ed] several text and video/audio messages to a social media website with the purpose to harass and annoy [the victim.]" Supplement, Ex. 1, Doc. 29-1, PAGEID # 331. The victim in that case is not a government official. Rather, she is the administrator of a private nursing home. *See* Supplement, Ex. 3, Doc. 29-3, PAGEID # 337. Criscione, whose mother was a resident at the facility, is alleged to have posted numerous demeaning posts on Facebook and other websites, in one such post referring to the victim as a "lying bitch." *Id.* (internal quotation marks omitted). As noted above, Criscione's behavior went beyond posting online as she is alleged to have trespassed onto the nursing home's property in a further attempt to harass the victim. *See id.* At bottom, the Criscione matter involved harassing statements by a private individual against another private individual, not alleged political speech against a governmental actor. Accordingly, Criscione gets the Plaintiff no closer to sufficiently alleging a *credible* threat of prosecution under the Challenged Statutes for engaging in political speech.

Simply put, Plaintiff has alleged a desire to resume engaging in "political dialogue." Complaint, Doc. 1, PAGEID # 2, ¶ 6. Such conduct is not prohibited by either of the challenged

statutes.  To be sure, Plaintiff has failed to cite to *any* cases in which these statutes have been used to criminalize political speech.  Absent such a history, Plaintiff has not shown a credible threat of prosecution.  *See Kiser*, 765 F.3d at 609.  Accordingly, she lacks standing and her Complaint should be dismissed.

### D.      The Magistrate Judge's Report and Recommendation will not negatively impact future First Amendment anticipatory challenges.

Plaintiff wrongly argues that the Magistrate Judge inflated the test for standing to an impossibly high standard by requiring her to show that she engaged in conduct that is "identical to that which has already been prosecuted."  *See* Objection, Doc. 28, PAGEID # 313.  Plaintiff also wrongly argues that by doing so, the Magistrate Judge undermines the "important role anticipatory challenges serve" in First Amendment jurisprudence.  *Id*. at PAGEID # 314-327.  First, Plaintiff's reliance on cases involving commercial speech, sexually explicit speech, and others are completely irrelevant to this case.  Neither the Defendants nor the Magistrate Judge claim that anticipatory challenges to the constitutionality of statutes are *per se* unlawful or, as a policy consideration, should be disfavored.  As such, Plaintiff's long explanation of the use of anticipatory challenges in First Amendment jurisprudence just misses the threshold point – that she lacks standing to sue because she suffers no injury.  In this case, because Plaintiff brings an anticipatory challenge, that would be a credible and sufficiently imminent threat of prosecution.  *Id.   See also Plunderbund Media*, 753 Fed. Appx. at 365-66.

As stated above, the Magistrate Judge correctly found that the Plaintiff lacked standing.  In doing so, the Magistrate Judge did not employ an impossibly "high standard" for determining standing.  Indeed, standing in this case is not even a close call.  Plaintiff simply failed to allege an injury – that she suffers a credible and sufficiently imminent threat of prosecution via the Challenged Statutes.  *See McKay*, 823 F.3d at 869.  Plaintiff therefore has not satisfied the Article

III "case and controversy" requirement for all federal cases, including First Amendment anticipatory challenges, and her case should be dismissed. *See Fieger v. Mich. Supreme Court,* 553 F.3d 955, 961 (6th Cir. 2009) (quoting *Warshak v. United States,* 532 F.3d 521, 525 (6th Cir. 2008) (en banc)).

## IV.    CONCLUSION

For these reasons, Plaintiff's Objection (Doc. 28) should be overruled, and the Magistrate's Report and Recommendation (Doc. 26) should be adopted in full, thereby dismissing this case.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Michael A. Walton*
MICHAEL A. WALTON (0092201)
JULIE M. PFEIFFER (0069762)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.Pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Attorney General Dave Yost*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, the foregoing was filed with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance.  Parties may access this filing through the Court's system.

*/s/ Michael A. Walton*
MICHAEL A. WALTON (0092201)
Assistant Attorney General