IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, : | |
|     Plaintiff, : | Case No. 3:20-cv-10 |
|     v. : | JUDGE WALTER H. RICE |
| DAVE YOST, *et al.*, : | |
|     Defendants. : | |

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #26); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #28); SUSTAINING MOTIONS FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS OHIO ATTORNEY GENERAL DAVE YOST (DOC. #12) AND MERCER COUNTY PROSECUTOR (DOC. #13); JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

Jane Doe filed suit against Ohio Attorney General Dave Yost and Mercer County Prosecutor Matthew Fox. She seeks a declaration that Ohio's Menacing by Stalking statute, Ohio Revised Code § 2903.211, and Ohio's Telecommunications Harassment statute, Ohio Revised Code § 2917.21, are overbroad and vague, and violate her rights under the First and Fourteenth Amendments to the United States Constitution and the Ohio Constitution. She also seeks preliminary and permanent injunctive relief enjoining Defendants from enforcing these statutes.

Pursuant to Fed. R. Civ. P. 12(c), Defendants Yost and Fox each filed a Motion for Judgment on the Pleadings, Docs. ##12 and 13. On December 17,

2020, United States Magistrate Judge Sharon Ovington issued a Report and Recommendations, Doc. #26, recommending that the Court sustain both motions. She concluded that Plaintiff's First Amendment claim was subject to dismissal, because Plaintiff has not shown a credible threat of future prosecution and therefore lacks standing to litigate this federal claim. She also recommended that the Court decline to exercise supplemental jurisdiction over the state law claim.

This matter is currently before the Court on Plaintiff's Objections to the Report and Recommendations, Doc. # 28, her Notice of Supplemental Authority, Doc. #29, and Responses filed by the Mercer County Prosecutor, Doc. #30, and the Ohio Attorney General, Doc. #31.

I.

The Court must make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The factual background, discussions of the Ohio statutes at issue and Fed. R. Civ. P. 12(c), and a summary of the parties' arguments are set forth in the Report and Recommendations and will not be repeated here.

Based on the reasoning and citations of authority set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing, Doc. #26, in its entirety, and OVERRULES Plaintiff's Objections thereto, Doc. #28.

II.

Plaintiff, who wants to engage in "political dialogue" on social media, argues that Magistrate Judge Ovington "takes too narrow and too restrictive a view of constitutional standing." Doc. #28, PageID#303. According to Plaintiff: (1) "the Magistrate Judge erred by mandating that Doe's speech be identical to speech offered by others under prosecution"; (2) there is a "high degree of similarity" between Plaintiff's proposed speech and the speech prosecuted in other cases; and (3) "the Magistrate Judge's recommendation departs from the lengthy tradition of permitting anticipatory challenges, in advance of prosecution, when First Amendment rights are at stake." Id. at PageID##304-05.

"To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157–58 (2014) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Plaintiff correctly points out that prudential standing requirements, which "limit the challenges courts are willing to hear," are somewhat relaxed in First Amendment cases, see Sec. of State of Md. v. Joseph H. Munson Co., Inc., 467 U.S. 947, 956 (1984), and a plaintiff need not wait to be arrested and prosecuted before seeking declaratory and injunctive relief, see Doe v. Bolton, 410 U.S. 179, 188 (1973).

Nevertheless, even in a pre-enforcement challenge, the threshold issue is whether the plaintiff can demonstrate "injury-in-fact." In *Susan B. Anthony List*, the Supreme Court reiterated the principle that "a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" 573 U.S. at 159 (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

In this case, Plaintiff has alleged an intention to engage in conduct arguably affected with a constitutional interest. More specifically, she wants to exercise her First Amendment rights by posting statements on Facebook that are critical of state and local government officials. The question, however, is whether Plaintiff has shown "a credible threat of prosecution" under either of the Ohio statutes at issue. Magistrate Judge Ovington properly concluded that Plaintiff has not satisfied this burden.

In *McKay v. Federspiel*, 823 F.3d 862 (6th Cir. 2016), the Court explained that allegations of a "subjective chill" on protected speech are not enough to establish an injury-in-fact. Such allegations must be combined with:

> (1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action.

*Id.* at 868-69 (internal citations omitted). As Magistrate Judge Ovington noted, Plaintiff relies solely on a history of past enforcement against Jeff Rasawehr, and

4

against Charles and Vicki Summers, all charged with Menacing by Stalking and Telecommunications Harassment.

In *Kiser v. Reitz*, 765 F.3d 601, 609 (6th Cir. 2014), the Sixth Circuit held that "[a] threat of future enforcement may be 'credible' when the same conduct has drawn enforcement actions or threats of enforcement in the past."  Magistrate Judge Ovington correctly concluded that Plaintiff does not seek to engage in the "same conduct" that triggered the prosecutions of Jeff Rasawehr or Charles and Vicki Summers.

Rasawehr was charged by the Mercer County Prosecutor after sending intimidating text messages to his ex-wife.  He also left her a voice mail message concerning two murders that he believed she had committed twenty years earlier.  In the voice mail message, "as a means of creating fear in [her]," he used profane language and threatened to inflict physical injury on the Mercer County Sheriff.  *State v. Rasawehr*, No. 10-19-15, 2020-Ohio-429, 2020 WL 615075, at ¶35 (3d Dist. Feb. 10, 2020).  Magistrate Judge Ovington found that the online political dialogue that Plaintiff sought to engage in was "a far cry" from Rasawehr's conduct, which was directed at his ex-wife.[1]

---

[1] In her Objections, Plaintiff notes that, in a separate case, *State v. Rasawehr*, No. 16CRB00942 (Celina Muni. Ct., Mercer County), Rasawehr was charged with several counts of Obstruction of Official Business in violation of Ohio Revised Code § 2921.31.  According to the Complaint, Rasawehr made numerous false complaints to the Mercer County Sheriff's Office, sent hateful emails and posted disparaging remarks about the Sheriff.  Thereafter, Mercer County Prosecutor's Office sent him a letter instructing him not to contact the Sheriff's Office any more unless it was an emergency.  His repeated failure to comply with this request

5

Charles and Vicki Summers were charged with Menacing by Stalking and Telecommunications Harassment after posting comments critical of Mercer County Prosecutor Matthew Fox and other Mercer County officials on a Facebook page entitled "Justice for Chris." That Facebook page stemmed from the trial of their son, Chris Summers, a teacher and coach who was convicted of sexually assaulting one of his female high school students. On that Facebook page, Charles and Vicki criticized the prosecutor and the fairness of the trial, and challenged the veracity of the alleged victim. *State v. Charles Summers*, No. 19-CRM-107 (Celina Muni. Ct., Mercer Cty.); *State v. Vicki Summers*, No. 19-CRB-00401 (Celina Muni. Ct., Mercer Cty.).[2]

However, as Magistrate Judge Ovington pointed out, Charles and Vicki also used the Facebook page to harass and threaten the alleged victim of the sexual assault. According to the Bills of Particulars, Docs. ##10-3, 10-4, it was *this* conduct, which was directed at a private individual, that gave rise to the criminal charges being filed against them.[3] Accordingly, Magistrate Judge Ovington found

---

resulted in the criminal charges being filed against him. Doc. #27-1. Although Plaintiff maintains that this further heightens her fear of prosecution, she has not alleged that she stopped posting online comments critical of government officials based on a fear of being charged with Obstructing Official Business, a violation of § 2921.31.

[2] The criminal cases against Charles and Vicki Summers have been stayed pending the outcome of the instant case.

[3] Plaintiff challenges Magistrate Judge Ovington's reliance on the public records filed in the *Rasawehr* and *Summers* cases. She argues that an ordinary citizen should not have to review court documents to determine whether the speech she

6

that Plaintiff's planned criticism of local government officials was "not so closely similar to the Summerses' speech . . . that their criminal prosecution creates a credible threat of similar prosecution of Plaintiff."  Doc. #26, PageID#265.

The Court rejects Plaintiff's claim that Magistrate Judge Ovington required Plaintiff's speech to be "identical" to the speech offered by Rasawehr and Charles and Vicki Summers.  The question, under *Kiser*, is whether Plaintiff engaged in the "same conduct" as those who were prosecuted.  Magistrate Judge Ovington properly found that, unlike Rasawehr and Charles and Vicki Summers, Plaintiff is not planning to make any threats to *private individuals*.  Rather, Plaintiff wants to use social media to criticize actions taken by government officials.  The mere fact that she intends to use the same platform, *i.e.,* the "Justice for Chris" Facebook page, used by Charles and Vicki Summers, to do so, does not make her conduct sufficiently similar to trigger a credible threat of prosecution.  She has pointed to

---

wishes to engage in is sufficiently similar to the speech that triggered those prosecutions.  She maintains that the mere fact that Charles and Vicki Summers were criminally charged after posting comments similar to those that she wants to post is sufficient to establish a reasonable fear that she may also be prosecuted.

However, as discussed above, standing requires more than just a "subjective chill."  Plaintiff must also show: "(1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action." *McKay*, 823 F.3d at 868-69.  She cannot establish a "credible threat of prosecution" without showing that she wants to engage in the "same conduct" for which others were prosecuted.  *Kiser*, 765 F.3d at 609.  Her subjective, mistaken belief that Rasawehr and Charles and Vicki Summers were prosecuted for criticizing government officials is insufficient to establish standing.

7

no case in which an individual was prosecuted for Menacing by Stalking or Telecommunications Harassment because they engaged in *political* speech on social media.[4]

In *McKay*, the Sixth Circuit noted that, in determining whether there is a credible threat of prosecution, the court may also consider a "defendant's refusal to disavow enforcement of the challenged statute against a particular plaintiff." 823 F.3d at 869 (citing *Kiser,* 765 F.3d at 609, and *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Sup. Ct.*, 769 F.3d 447, 452 (6th Cir. 2014)). The court, however, has "declined to find a credible threat of prosecution . . . where the record is silent as to whether the [defendants] threatened to punish or would have punished a plaintiff for proposed conduct that might violate the challenged policy or statute." *Id.* (internal quotation omitted). It is even more difficult to find a credible threat of prosecution in this case. In his Answer to Plaintiff's Complaint, Mercer County Prosecutor Matthew Fox has expressly denied that the Ohio statutes at issue reach political speech. *See* Doc. #10, PageID#43 ("to the extent that Plaintiff has accurately characterized her social media activity

---

[4] Plaintiff's supplemental authority, *State of Ohio v. Gina Criscione*, No. 20-cv-077559 (Berea Muni. Ct., Cuyahoga Cty.), Doc. #29, is no different. Criscione was charged with Telecommunications Harassment and Menacing by Stalking after she posted numerous messages to a social media website with the purpose to harass and annoy Sara Thurmer, the administrator of the private nursing home where her mother had lived. Again, these postings were directed not at government officials, but at a private individual.

8

as political and directed at government officials, she would not be subject to prosecution . . . ").

The Court acknowledges that pre-enforcement anticipatory challenges to laws that burden protected speech are critical to the preservation of free speech rights. Nevertheless, those challenges can be brought only by a plaintiff who can establish Article III standing. Because Plaintiff has failed to establish a credible threat of prosecution, she lacks standing to pursue her First Amendment claims.

### III.

Having determined that Plaintiff lacks standing to assert her First Amendment claims, the Court declines to exercise supplemental jurisdiction over her parallel claims brought under the Ohio Constitution. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if federal claims are dismissed before trial, the state claims should be dismissed as well); 28 U.S.C. §1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

### IV.

For the reasons set forth above, the Court ADOPTS Magistrate Judge Ovington's Report and Recommendations (Doc. #26), and OVERRULES Plaintiff's Objections thereto (Doc. #28). The Court SUSTAINS the Motions for Judgment on

the Pleadings by Defendants Ohio Attorney General Dave Yost (Doc. #12) and the Mercer County Prosecutor (Doc. #13).

The Court DISMISSES Count I of the Complaint, seeking declaratory judgment and injunctive relief for violations of Plaintiff's First Amendment rights, WITH PREJUDICE, based on lack of standing.  The Court declines to exercise supplemental jurisdiction over Count II, seeking relief for alleged violations of the Ohio Constitution.  Said count is dismissed without prejudice to refiling in a state court of competent jurisdiction.

Judgment shall enter in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 30, 2021  　　　　　*Walter H. Rice* (tp - per Judge Rice authorization after his review)
WALTER H. RICE
UNITED STATES DISTRICT JUDGE